UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
*******************************************************************

In Re Felipe Nery Gomez, Debtor         Hon. Judge A. Benjamin Goldgar

Bankruptcy Case No: 23-3023
*******************************************************************
ADVERSARY ACTION - 28 USC 1452 REMOVAL

| Felipe Nery Gomez, Debtor<br><br>v.<br><br>Linda Schmid, Claimant-Creditor<br>Michael Roberts, Claimant-Creditor | Adversary Case No._____<br><br>In Re *Schmid v Felipe Gomez, Arthur Gomez, and Unknown Occupants, 2018M1714022* (Illinois Eviction Act)(1922 W. Belmont Ave, Unit 1f, Chicago, IL 60657) |
|---|---|

### NOTICE OF DEBTOR'S REMOVAL OF *SCHMID V FELIPE GOMEZ, ARTHUR GOMEZ, UNKNOWN OCCUPANTS, 2018M1714022* (Cook County)

PLEASE TAKE NOTICE THAT THE MATTER *SCHMID V FELIPE GOMEZ, et al., 2018M1714022* (Cook County), IS REMOVED, pursuant to 28 U.S.C. §1452 and BR 9027, by State Court Defendant and Bankruptcy Debtor Felipe Gomez ("Debtor"), to the United States Bankruptcy Court for the Northern District of Illinois.

Debtor hereby removes the Illinois Circuit Court of Cook County eviction action *Schmid v Felipe Gomez et al., 18M1714022,* including any appeals or post-judgment motions, from Illinois Cook County Circuit Court, Municipal Department, to the United States Bankruptcy Court for the Northern District of Illinois.

In support of this Notice of Removal, Debtor Felipe Gomez, avers as follows:

### I. PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. The state court action complaint sounds under 735 ILCS 5/9 et seq, the Illinois Forcible Entry and Detainer Act, with Creditors Plaintiff and her lawyer praying for relief of an order of possession, and ancillary to, and relying on, that claim, seeking past rent, as well as Creditor Robert's alleged attorney fees, against both Debtor and named Co-Debtor

1

Arthur Gomez. *Attachment A - 11.5.21 Motion for Summary Judgment (Containing 7.2.19 State Court Complaint as "Ex. A" thereof (see pp7 and 11, below).*

2. On 3.26.22, Schmid sold 1922 W. Belmont, Chicago, Illinois, in its entirety, and without leaseback, terminating and transferring her right to possession. *Att. B - 3.26.22 Deed Out From Schmid to Tullamore Dvpt. LLC (see p20, below).*

3. On 5.9.22, Schmid purported to dismiss her possession claims (automatically divesting the state court of 735 ILCS 5/9 jurisdiction), although the MSJ was not withdrawn or stricken, as well as attempting to dismiss Gomez without prejudice (without specifying as to what claims), and thus, combined with Schmid's divesting of her right to possession as of 3.26.22, leaving Debtor unable to defend (despite being an indispensable/necessary party as are all tenants "known or unknown" in an eviction action), and open to having the claims "continued" contrary to 11 USC 362(a), including by way of cross claim or later contribution suit by Co-debtor Arthur Gomez. *Att. C - 5.9.22 Order (see p23).*

4. On 3.8.23, 4.4.23, 4.7.23, and 4.10.23 and also by email to Roberts, Debtor warned the Plaintiff's counsel, and the state court judge, that the eviction matter was subject to 11 USC 362 automatic stay, based on the face of the complaint, including Gomez view as to how and why the eviction complaint and matter should be stayed, or submitted to this Court, and as to the 4.10.23 pronouncement by His Honor Goldgar that by rule the matter was automatically stayed until that stay was lifted. *Att. D - 3.8.23, 4.4.23, 4.7.23, and 4.10.23 Notices of 23-3023 and 11 USC 362 Stay (see p25, below).*

5. On 4.12.23, despite the warnings, Creditor Roberts and his client Creditor Schmid presented evidence ex parte and under oath to Judge Laytin in support of the complaint, which resulted in an order awarding judgment on the complaint, including an award of past rent on the lease, thus amounting to "any act" to collect on Debtor's alleged past rent due (and substituting Arthur as a creditor to Debtor for themselves, requiring amendment of the matrix with regard to Arthur and the 4.12.23 Eviction Order, if it stands), without deigning to present their views that the Stay is inapplicable, to this Court. *Att. E - 4.12.23*

*Order and Memorandum (see p42, below).*

6. On 4.17.23, Debtor moved to vacate or modify the 4.12.23 order per 735 ILCS 5/2-1203, which by rule stays enforcement by Creditors Roberts and Schmid of the ill-gained 4.12.23 order, preserving the status quo and allowing Her Honor to reconsider once the transcript where His Honor essentially applied the stay to the eviction action, as well as related factors Debtor was unable to present below having been denied the opportunity to defend on and defeat the claims. *Att. F - 4.17.23 Motion to Vacate (pending stamp, see p52, below).*

## II. GROUNDS FOR REMOVAL

7. 28 USC §1452 and BR 9027 allow "a party", including a Debtor to remove "any claim or cause of action in a civil action" to the Bankruptcy Court for that district.

8. BR 9027 requires that a copy of the pleadings be attached, which is the 7.9.19, 2nd Amended Complaint and Schmid Affidavit attached at Att. A hereto, asserting jurisdiction under 735 ILCS 5/9 et seq, and seeking possession and rents from both Debtor and named Co-Debtor Arthur Gomez. *Att. A - 11.5.21 MSJ and 7.2.19 2nd Amended Complaint.*

9. Schmid and Roberts are named Creditors based on the claims made in 18M1714022, where the attached complaint is what was proceeded on, and the action and the 4.12.23 order are clearly "any attempt" to collect on the alleged single indivisible rent claim under the Eviction Act. Schmid and Roberts are also engaged in an ongoing scheme to divert Debtor's mail contrary to 18 USC 1341 seq., implicating 11 USC 542 and BR 7001(1).

## III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

10. Debtor has the power to remove the eviction action naming Debtor per 28 USC 1452 and BR 9027.

11. The Northern District of Illinois Bankruptcy Court is the proper district court to remove a

3

Cook County circuit court case to, as it sits in Cook County, Illinois, and Bankruptcy Courts must be given the respect and opportunity to decide, *inter alia*, whether 11 USC 362(a) applies, and whether claims relating to Debtor should be decided by the Bankruptcy Court or the initial forum, including whether or not a Debtor has an interest in a lease subject to the bankruptcy, and as to whether an eviction action naming Debtor should be allowed to continue, based on whatever views the Plaintiff or state court might have. *Robinson v CHA, 54 F.3d 316 317-318 (7th Cir. 1995)*("Debtor's possible interest in [a] lease is protected by the automatic stay...a landlord may file for relief [to argue that] the Debtor does not have a valid interest in the lease"). Theft and conversion aof Debtor's mails is also addressable in bankruptcy under US law.

12. There has been no motion by Schmid or Roberts for relief from the Stay or for a finding that Debtor is not an indispensable party to the eviction action, or any order for relief therefrom, thus the starting time for filing under BR 9027 appears to not have been triggered, and this filing is timely thereunder.

13. The state matter is not being removed per 28 USC 1441, and thus consent of Co-Debtor Arthur Gomez, or the Unknown Occupants, is not necessary.

14. After filing this Notice of Removal, Debtor will promptly serve written notice of this Notice of Removal on counsel below for Schmid, Michael Roberts, and file the same with the Clerk of the Cook County Circuit Court, in accordance with 28 U.S.C. § 1446(d).

15. True and correct copies of the pleadings and related materials are attached at Attachments A - F hereto as discussed above, and as indexed below at p.6.

### IV. NON-WAIVER OF DEFENSES/CONSENT

16. By removing this action from Illinois Cook County Circuit Court, Debtor does not waive any defenses available to it.

4

17. By removing this action, Debtor does not admit any of the allegations in plaintiff's complaint or motion for summary judgement.

18. Debtor CONSENTS to the bankruptcy court entering final orders or judgment on the pleadings below.

## VI. REMOVAL

WHEREFORE, Debtor-Defendant Felipe Gomez removes the action *Schmid v Felipe Gomez, Arthur Gomez, and Unknown Occupants*, 2018M1714022, from the Cook County Circuit Court to the United States Bankruptcy Court for the Northern District of Illinois.

Dated: 4.17.23   Respectfully submitted: _____ (wet signed)

Felipe N Gomez

By: Felipe N Gomez
Domicile:
1922 W. Belmont Unit 1f
Chicago, IL 60657

Mailing Address:
1415 Ardmore #7139
Villa Park IL 60181
312.509.2071
t312.509.2071@gmail.com

## CERTIFICATE OF SERVICE

**I hereby certify that on the date below a true and correct copy of the foregoing Notice of Removal was filed by Email Drop Box, and thereafter once entered into the docket, served by the ECF filing system on all appearing defendants or creditors/parties and the U.S. Trustee and designate.** The Attachments served herein are true and accurate copies of those pulled from the internet by Gomez.

/s/ Felipe N. Gomez, Pro Se      Dated 4.17.23
**Felipe Gomez, Pro Se
1415 Ardmore #7139
Villa Park IL 60181
312.509.2071
t312.509.2071@gmail.com**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Felipe Nery Gomez, Debtor | **DEFENDANTS**<br>Michael Roberts, Linda Schmid |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>x Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

28 USC 1452 (Removal); 11 USC 362(a) (Violation of Stay/Improper Collection Acts) 18 USC 1341 (Mail Theft); 11 USC 542 (Conversion and Return of Property); Identity Theft, Waste.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been if unrelated to bankruptcy case) brought in state court

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
APR 18 2023
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

| X Case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 50,000 |
| Other Relief Sought   Stay Violation/Return of Property | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Felipe Nery Gomez | | BANKRUPTCY CASE NO.<br>23-3023 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NDILL | | DIVISION OFFICE | NAME OF JUDGE<br>Goldgar |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>s/Felipe Nery Gomez | | | |
| DATE<br>4.18.23 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Felipe Nery Gomez, Pro Se | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.