F I L E D

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 0 1 2023

JEFFREY P. ALLSTEADT, CLERK

INTAKE 2

Pro Se 10 (Rev. 12/16) Complaint for the Conversion of Property

# UNITED STATES BANKRUPTCY COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Felipe N Gomez, Debtor<br>*Plaintiff*<br>-v-<br><br><br><br>Larry Weisenthal, Connie Weisenthal, William King<br>*Defendants* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes   x   No<br>BR 7001<br>11 USC 541/542<br>18 U.S.C. Ch. 83, 1701-1702<br><br>Core Case #23-3023<br>Hon. Chief Judge A. Benjamin Goldgar<br>Ch. 7 |

## DEBTOR'S PRO SE ADVERSARY COMPLAINT FOR THE CONVERSION OF PROPERTY BY DIVERSION OF U.S. MAILS/THEFT
### 28 USC 1331 Federal Question

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

| | |
|---|---|
| Name | Felipe N Gomez |
| Street Address | 1415 Ardmore #7139 |
| City and County | Villa Park, DuPage County |
| State and Zip Code | Illinois, 60181 |
| Telephone Number | 312.509.2071 |
| E-mail Address | fgomez9592@gmail.com |

### B.     The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | Larry Weisenthal |
| Job or Title *(if known)* | Husband of Successor Trustee/Initial Mail Diverter |
| Street Address | 17301 Courtney Lane |
| City and County | Huntington Beach, Orange |
| State and Zip Code | CA 92649 |
| Telephone Number | 714-931-6734 |
| E-mail Address *(if known)* | larry.weisenthal@gmail.com |

1

<u>Pro Se 10 (Rev. 12/16) Complaint for the Conversion of Property</u>

Defendant No. 2
 Name      Connie Weisenthal
 Job or Title *(if known)* Successor Trustee of Sandra W Gomez Living Trust
 Street Address   17301 Courtney Lane
 City and County  Huntington Beach, Orange
 State and Zip Code CA 92649
 Telephone Number 714-931-6842
 E-mail Address *(if known)* quickspins@gmail.com

Defendant No. 3
 Name      William J King
 Job or Title *(if known)* Former Attorney for Successor Trustee Connie/SWG Living
 Street Address   401 Rockefeller Apt 1109
 City and County  Irvine, Orange
 State and Zip Code CA 92612
 Telephone Number 949-525-5357
 E-mail Address *(if known)* FR3EZINGXESKIMO@GMAIL.COM

## II. Basis for Jurisdiction

28 USC 1331. BR 7001, 18 USC 1701/1702. 11 USC 541/542, .

## III. Statement of Claim

### A. Describe the property that you own that is the subject of this complaint, including its value.

1. All **mail** issued by Charles Schwab & Co. Inc. related to Sandra W Gomez UTMA account ending in 7542 and IRA account ending in 4115, where Plaintiff was named legal Custodian, from her date of death 7.4.11 to the beneficiaries 21st birthday, 11.11.19, of unknown value.

2. All **personal property** of Dr. Sandra W Gomez, including computers, computer files, and paper files, including HIPPA and Privacy Act protected medical records as to Plaintiff.

### B. How and when did you come to own the property?

1. **Mail**: Plaintiff was Custodian of the two accounts from Plaintiff's mother's death om 7.4.11 until plaintiff's Son Arthur James Gomez reached 21 on 11.11.19, including as to all mail issued by Schwab which by law was to be addressed to Plaintiff, and which was instead sent to 1645 Sonota Lane, San Marcos, CA., where they were collected at least in part by Defendant Larry Weisenthal acting as "courier" for as of yet unidentified persons. *See Attachment A - 10.26.21 Affidavit of Larry Weisenthal.*

2. **Personal Property**: Plaintiff entered into a contract with the Living Trust by which the Trust was to deliver the property, but upon delivery the file cabinets previously containing the files were empty, and there were none of the 3 computers and hundreds of computer files contained with the furniture and other household items delivered.

**C.    How and when did the defendant(s) obtain possession of the property?  Describe with particularity the actions the defendant(s) took to convert the property.**

1. **Mail:** For as of yet undetermined reasons, upon the 7.4.11 passing of Plaintiff's mother, Dr. Sandra W. Gomez, and after notice from Plaintiff and Plaintiff's attorney Virginia Prihoda, as to Plaintiff's status and contact information, Schwab elected to send the mail related to the two accounts to the deceased Dr. Gomez as custodian for the accounts, for at least 9 years, which mail was intercepted and diverted by Defendants Larry and Connie Weisenthal, and which in information and belief is in King's possession or King has knowledge as to the location and fate of the diverted mail.  Defendant Larry Weisenthal has admitted to his part in the diversion, although he has refused to divulge the identity of the persons he allegedly gave the intercepted mail to, whom on information and belief were Connie and/or King.  *See Attachment A - Affidavit of Larry Weisenthal.*

2. Property: King failed to deliver the records and computers per the Probate contract wherein Plaintiff obtained title to same.  (Contract to be submitted once verified).

**D.    *(If the defendant(s) rightfully came into possession of the property):*  Describe how and when you notified the defendant(s) that the property belonged to you.**  Describe how and when you demanded that the defendant(s) deliver or return the property, and what response you received from the defendant(s). Attach a copy of any written correspondence with the defendant(s), if such copies exist.

1.**Mail.** The defendants did not rightfully come into possession of the diverted mail, as none of them were the addressee on the mail, which was supposed to be Plaintiff, despite Schwab electing to violate its fiduciary duty (subject of a separate adversary action) and mailing to a dead person at her old address, and Plaintiff has made numerous demands for the return of same, with no response.

2. **Property:** The Defendants did legally come into custody of the property, and it is unclear how much of same was transferred by the Weisenthals to King.

**IV.    Relief: Order Defendants to:**

1. **Disclose** all information as to the diversion of (including names), and location of, the Schwab mail for the two accounts from 7.4.11 to 11.11.19, as well as to the undelivered personal property belonging to Plaintiff (files, records, computers);

2. **Turn over** any all mail and property related to teh two accounts regardless of the addressee or address thereon, unless a Defendant's name appears thereon as addressee;

3. **Pay** compensatory and puntive damages of at least $100,000, and/or the value of the property if destroyed, whichever is greater;

4) **Indemnify** any and all liabilty Plaintiff may have to beneficiary Arthur James Gomez, or the IRS, related to the Schwab mismailings and subsequent diversion of the mails, as well as the ongoing failure to disclose and disgorge same, and the failure of RMDs to be withdrawn by Plaintiff.

5) **Disclose** all information as to all loans made, funds invested or funds allegedly given by Sandra W Gomez to Larry Weisenthal, including but  not limited as to his alleged oncology practice/business research laboratory/clinic.

Pro Se 10 (Rev. 12/16) Complaint for the Conversion of Property

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        4.30.23

Signature of Plaintiff        s/ Felipe N Gomez, Pro Se

Printed Name of Plaintiff        Felipe N Gomez, Pro Se

4

**ATTACHMENT A**

**10.26.21 LARRY WEISENTHAL AFFIDAVIT**

# JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Orange___

Subscribed and sworn to (or affirmed) before me on this _26_ day of _October_,

20_21_ by ___Larry Weisenthal___,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

J. VAN KOOY
Commission No. 2314072
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires Dec. 23, 2023

___Signature___                    (Seal)

## OPTIONAL INFORMATION

## INSTRUCTIONS

The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form which does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

DESCRIPTION OF THE ATTACHED DOCUMENT

___General Affidavit___
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _03_ Document Date _10/26/2021_

_____
Additional information

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple.

6

# GENERAL AFFIDAVIT

The within named person (Affiant), __Larry Weisenthal_____, who is a resident of __Orange_____,County, State of __California_____, personally came and appeared before me, the undersigned Notary Public, and makes this his/her statement, testimony and General Affidavit under oath or affirmation, in good faith, and under penalty of perjury, of sincere belief and personal knowledge that the following matters, facts, and things set forth are true and correct, to the best of his/her knowledge:

1. I have no records regarding the late Sandra W Gomez, beyond strictly personal emails, family photographs, and HIPAA protected medical records. Specifically, I have no records whatsoever remotely related to my function as a courier, in picking up mail addressed to SW Gomez and delivering said mail to Successor Trustee of SW Gomez Trust, between summer of 2011 and summer of 2013. 2. I have no records or emails relating to William J King, save for emails strictly relating to the SW Gomez trust, which are subject to terms of the release of the negotiated settlement of disputes relating the SW Gomez Trust. Specifically, I have no records whatsoever remotely related to my function as a courier, in picking up mail addressed to SW Gomez and delivering said mail to Successor Trustee of SW Gomez Trust, between summer of 2011 and summer of 2013. 3. I have no records of Charles Schwab accounts listed on the enclosed subpoena, No 20CH3632, dated 10/4/2021. I have been relieved by Felipe Gomez of obligation to provide records generically related to myself (item # 5 in referenced subpoena).

Dated this _26_____ day of _October_____, 20_21____,

_Larry Weisenthal_
Signature of Affiant

======================================================================

State of _California_____

County of _Orange_____

Subscribed and sworn to, or affirmed, before me on this _26_____ day of _October_____, 20_21____ by Affiant _____.

_____
Signature of Notary Public

_____
My Commission Expires:

For CA Notary Jurat, See Attached Document

7

Form G16

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Felipe Nery Gomez | **DEFENDANTS**<br>Larry Weisenthal, Connie Weisenthal, William J King |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>PRO SE<br>Felipe N Gomez, Pro Se, PO Box 7139, Villa Park, IL 60181 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

28 USC 1331 Federal Question, 11 USC 541/542 Property of Estate; BR 7001(1), (2) (7) and (9) Adversary Proceeding

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ■ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ■ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ■ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $100,000 |
| Other Relief Sought<br>Turnover/Indemnity | |

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 0 1 2023

JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Felipe Nery Gomez | BANKRUPTCY CASE NO.<br>23-3023 | |
| DISTRICT IN WHICH CASE IS PENDING<br>ND ILLINOIS | DIVISION OFFICE | NAME OF JUDGE<br>A. Benjamin Goldgar |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Pro Se* | | |
| DATE<br>5.1.23 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Felipe Nery Gomez, Pro Se | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.