F I L E D

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**May 15, 2023**

**JEFFREY P. ALLSTEADT, CLERK**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: FELIPE NERY GOMEZ<br><br>                              Debtor<br><br>OSCAR STILLEY<br><br>                         MOVANT | Chapter 7<br>No. 23-3023<br>Hearing date 5-22-2023 at 9:30 AM<br>Honorable Judge A. Benjamin Goldgar<br>Courtroom 642 |

## NOTICE OF MOTION

Comes now Movant Oscar Stilley (Stilley) and for his notice of motion states:

PLEASE TAKE NOTICE THAT ON May 22, 2023, at 9:30 AM, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, either in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the motion of Oscar Stilley, *pro se*, entitled **OSCAR STILLEY'S VERIFIED MOTION FOR AN ORDER LIFTING THE STAY AS TO CERTAIN LITIGATION, AND FOR WAIVER OF FILING FEES, WITH INCLUDED SUPPORTING BRIEF**

**All parties in interest, including the Movant, may appear for the presentment of the motion either in person or electronically using Zoom for government.**

You may appear electronically by video or by telephone.

To appear by video, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

Meeting ID and passcode. The Zoom meeting ID for this hearing is 1615000972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's website.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Respectfully submitted,

By: /s/ Oscar Stilley                    May 12, 2023
Oscar Stilley                             Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com


CERTIFICATE OF SERVICE

Oscar Stilley hereby certifies that on the date stated above he submitted this pleading by email, for electronic filing via CM/ECF system, whereby all parties entitled to notice will receive same. Stilley is not an ECF filer but has signed up for electronic notice via EBN.

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**May 15, 2023**

**JEFFREY P. ALLSTEADT, CLERK**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: FELIPE NERY GOMEZ | Chapter 7 |
| Debtor | No. 23-3023 |
| | *Hearing date 5-22-2023 at 9:30 AM* |
| OSCAR STILLEY | Honorable Judge A. Benjamin Goldgar |
| MOVANT | Courtroom 642 |

### OSCAR STILLEY'S VERIFIED MOTION FOR AN ORDER LIFTING THE STAY AS TO CERTAIN LITIGATION, AND FOR WAIVER OF FILING FEES, WITH INCLUDED SUPPORTING BRIEF

Comes now Movant Oscar Stilley (Stilley) and for his verified motion states:

1.     Stilley is an Appellee in *Dr. Alan Braid, MD v. Oscar Stilley et al*, 7th Circuit # 22-2815, along with Debtor Felipe Nery Gomez, (Gomez) and Wolfgang P. Hirczy de Mino, Ph.D. This is Dr. Braid's appeal from the US District Court for the Northern District of Illinois (ILND) *Dr. Alan Braid, MD v. Oscar Stilley et al*, 1:21-cv-05283. Braid sought interpleader, declaratory, and injunctive relief concerning potential liabilities under Texas SB8, a law regulating abortion, etc. This might for purposes of convenience be referred to as "Braid litigation."

2.     Gomez by his bankruptcy has procured a formal stay of the proceedings of this appeal #22-2815, with intent to extinguish Dr. Braid's claims. He said as much in his status report 4-19-2023. 7th Circuit Dkt. #50.

3.     The 7th Circuit has ordered Gomez to file another status report by June 12, 2023. 7th Circuit Dkt. #51.

4.     Dr. Braid in his unsuccessful motion for summary judgment did not request
any attorney's fees at all. ILND 1:21-cv-05283 Dkt. 75.  Nor is such relief suggested
in the brief in support. ILND 1:21-cv-05283 Dkt 75-1.

5.     The "claim" against Gomez is not a debt in any normal sense of the word.

6.     Gomez' Schedule E/F Part 4 (Dkt. 22) lists 10 purported creditors related to
the reproductive rights litigation discussed herein. The amounts are always
"unknown," continuing, disputed, and contingent. Gomez generally claims that he
faces some combination of attorney's fees, costs, or damages.

7.     Stilley is not a listed creditor in Gomez' bankruptcy pleadings.

8.     Debtor Gomez does not claim anything with respect to the Braid litigation as
an asset of the bankruptcy estate.

9.     Stilley's Required Statement, Form G4, is attached hereto.

**Fee Waiver Request**

10.    Stilley works for REVAMP (Remember Every Victim and Missing Person in
US, Inc.), a non-profit corporation.

11.    Stilley earns $11 per hour for 30 hours per week.  He also receives about $130
per month in royalties on a book entitled "Busting the Feds: How to Effectively
Defend Yourself Against Federal Criminal Charges."

12.    Stilley is on supervised release, after having served a 15 year prison sentence
on utterly bogus charges of tax evasion and conspiracy. Stilley is currently
appealing a 3 month prison sentence imposed on revocation of supervised release.
10th Circuit 22-5113, Opening Brief.

2

13.    The sentencing court has included in its "special conditions" a requirement that Stilley maintain monitoring software on any computer or phone that he uses, at his own expense.

14.    Stilley's degree in Administrative Management,[1] has been rendered all but worthless for the time being.

15.    Stilley must maintain employment, lest his supervised release be revoked, and he be returned to prison for failure to maintain employment.

16.    Stilley is 59 years old.

17.    Stilley has arthritis in his left knee, which prevents him from holding down a regular job that would require him to be on his feet or working at manual labor.

18.    Stilley is filing this motion because he believes it is the honorable and just thing to do, not because of expectation of monetary gain from the Braid litigation.

19.    Under Stilley's current limitations and meager income, a requirement that he pay the $188 filing fee would impose an undue burden.

20.    Stilley nevertheless intends to fulfill all obligations necessary to obtain a ruling on this motion.

WHEREFORE, Stilley respectfully requests an order lifting the bankruptcy stay as to litigation in 7th Circuit 22-2815 and ILND 1:21-cv-05283; waiver of the filing fee; and for such other and further relief as may be appropriate whether or not specifically requested.

---

[1]    Stilley also has a law degree, but is disbarred.

3

**BRIEF IN SUPPORT OF MOTION**

Felipe Nery Gomez, (Gomez) filed a "suggestion of bankruptcy," and procured a stay in 7th Circuit Appeal # 22-2815. Dkt. 44, pg. 3.  He claimed that the automatic stay operated as a stay of that litigation. Significantly, he took the position that the Braid appellate litigation cannot proceed absent an order in bankruptcy court, "and any appeal thereof."

The 7th Circuit stayed the appellate proceedings, setting a schedule for a status report. Dkt. 48.

Dr. Braid has already filed his opening brief on appeal. Stilley as lead Appellee intends to timely file an appellee's brief. The other appellees will have the opportunity to join Stilley's brief, in whole or in part, or file their own brief.

Debtor Gomez has made it abundantly clear that he will use the bankruptcy proceedings to punish anyone who arguably violates the automatic stay.

Debtor Gomez apparently has attorney's fees and costs already awarded against him in other litigation, based on the disclosures in Docket #22. Debtor Gomez presumably has a legal basis to request discharge of those debts.

The ten parties[2] listed by Debtor Gomez as creditors sought interpleader, declaratory, and injunctive relief related to Texas SB8, a law regulating abortion. See the prayer for relief at ILND 1:21-cv-5283, Dkt. 1, pg. 23. Dr. Braid deposited $10,000 into the registry of the court, saying that he was entitled to that money, rather than any of the three interpleader defendants, all of whom had filed suits

---

[2]   Dr. Braid, a charitable organization, and 8 lawyers.

4

under Texas SB8. Texas SB8 guarantees a successful litigant not less than $10,000

per abortion sued upon.

Debtor Gomez repeatedly denied that he was entitled to any part of the

$10,000. He dismissed his state law claim filed under the basis of Texas SB 8, then

requested that the dismissal be converted into a dismissal "with prejudice."

Dr. Braid in his motion for summary judgment didn't ask the District Court

to award attorney's fees or costs.  In the interests of full disclosure, Dr. Braid's

original complaint did list attorney's fees in the prayer for relief, probably as

boilerplate text.

Debtor Gomez' alleged fear of economic liability for attorneys fees, costs, or

damages from the Braid litigation appears to be contrived. Debtor Gomez has a

reputation for being litigious. He is judgment proof or nearly so. It is difficult to

think of a plausible reason why a doctor, a charitable organization, and 8 blue chip

lawyers would seek pre-petition attorney's fees, costs, or damages.

Nor does the law support the position of Debtor Gomez. Consider the

following passage from *Paden v. Union for Experimenting Colleges, Etc.*, 7 B.R. 289,

291 (Bankr. N.D. Ill. 1980):

> The automatic stay should not apply to every action already pending in a
> non-bankruptcy court to which the bankrupt is a party. *Connell v. Walker,*291
> U.S. 1, 5, 54 S.Ct. 257, 258, 78 L.Ed. 613 (1933). A suit which contemplates
> some relief other than the collection of a scheduled debt is not to be stayed, as
> its prosecution would not ordinarily interfere with the bankruptcy
> proceeding. *In re Shenberg,*433 F. Supp. 677, 680 (N.D.Ill. 1977). Indeed,
> certain types of actions which are directly relevant to the instant case have
> been exempted from an automatic stay order. *See e. g., Power-Pak Products v.
> Royal-Globe Insurance Co., supra,*433 F. Supp. at 686-687 (declaratory relief
> not covered by Rule 11-44 stay; such an action is not a claim for which a

5

discharge would be a release); *Brennan v. TT Trucking, Inc.,* 396 F. Supp. 615, 617 (N.D.Okla. 1975) (suits for injunctive relief are not automatically stayed upon filing of bankruptcy petition).

To the extent that this Court deems such necessary, the stay could be lifted with a proviso that the stay is not lifted with respect to any claim for attorney's fees for work done on or before the date of the filing of Debtor Gomez' lawsuit.

Generally, bankruptcy courts operate on a "snapshot" basis. In other words, they look at the situation on the date of the filing of the bankruptcy petition. To the extent that Debtor Gomez is truly fearful of liability for attorney's fees for work done pre-petition on the Braid litigation, Stilley is sympathetic. To the extent that he wants to obstruct the prosecution of public interest litigation – not so much.

Debtor Gomez doesn't have to do any further work on the Braid litigation. Debtor Gomez should feel free to join Stilley's response brief, or such parts thereof with which he agrees. Stilley will cooperate with his fellow appellees, so as to limit the burden on Debtor Gomez and the 7th Circuit panel assigned to the Braid appeal. Debtor Gomez should also feel free to maintain silence and let the 7th Circuit rule. Debtor Gomez has nothing material, and nothing of economic value, to lose if Stilley gets the relief he seeks.

Debtor Gomez has at least implied that he would appeal a decision allowing the Braid appeal to go forward. Therefore, Stilley requests that the Court's order expressly state that an appeal will not stay the execution of the Court's order, and that a stay will be issued only upon motion, showing a reasonable prospect of success on appeal, coupled with a reasonable appeal bond to be fixed by the Court.

6

After all, this motion has been filed for the purpose of seeking the lifting of a stay. The burden should be on Debtor Gomez to show why Stilley should simply trade one stay for another. If Debtor Gomez is displeased that the Braid litigation may proceed forward in the customary way, he can file an appeal, and seek a stay from the appellate court. The prompt issuance of a scheduling order in 7th Circuit 22-2815 does nothing to injure the legitimate economic interests of Debtor Gomez.

**Fee Waiver Request**

Stilley is in bad economic condition. Stilley has employment with REVAMP (Remember Every Victim and Missing Person in US, Inc.) a nonprofit corporation that assists persons adversely affected by unsolved murder or missing persons cases. Stilley gets minimum wage ($11 per hour in Arkansas) for the minimum hours allowed for a person on federal supervised release (30 hours per week).

Stilley prizes this job not because he likes poverty, but because he likes liberty. The loss of a job and a paycheck probably also involves a return to prison. Therefore, the most meager pay from an organization committed to helping Stilley stay out of prison is preferable to greater pay with less job security. Allowing REVAMP to run out of money for payroll is unthinkable.

The requirement of computer monitoring software, standing alone, would render Stilley nearly unemployable in work appropriate to his education and experience. Other "special conditions" of supervised release are on their own sufficient to dissuade all but the hardiest employer. Taken together, the special conditions are enough to dash hope.

Stilley has substantial physical limitations related to arthritis of the left knee. These physical limitations work together with the assault on Stilley's ability to gain employment commensurate with his education and experience, to paint Stilley in an economic corner.

Stilley respectfully requests that this Court waive the $188 filing fee for this motion. At the same time, he is advising court personnel to bill him, to the extent necessary to ensure that the motion is docketed. The Braid litigation is at least as much about the rights of due process and 1st Amendment peaceful petition as it is reproductive rights. On these issues, there is no daylight between Stilley and Braid.

These rights are foundational to western civilization. For these rights, Stilley will spend money when it takes bread off his table. To the extent that this Honorable Court doesn't have a clear legal path to consider a fee waiver, don't worry about it. Just proceed with the consideration of the underlying motion.

**CONCLUSION**

This Court should lift the automatic stay sufficiently to allow the 7th Circuit Court Clerk to set a briefing schedule, and to allow the parties to pursue the Braid litigation to its logical conclusion.

**VERIFICATION OF MOTION**

I Oscar Stilley by my signature below pursuant to 28 USC 1746 declare under penalty of perjury that the statements made in the numbered paragraphs of the motion above are true and correct.

8

Respectfully submitted,

By: /s/ Oscar Stilley                    May 12, 2023
Oscar Stilley                            Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley hereby certifies that on the date stated above he submitted this pleading by email, for electronic filing via CM/ECF system, whereby all parties entitled to notice will receive same. Stilley is not an ECF filer but has signed up for electronic notice via EBN.

9