**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FELIPE NERY GOMEZ, | ) | No. 23 B 3023 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Felipe Nery Gomez is a former lawyer with a penchant for litigation – his own.  Some of that litigation, perhaps all of it, is frivolous.  Faced with large sanctions awards, Gomez filed a chapter 7 bankruptcy case in early 2023.  On his Schedule C, he claimed exemptions for more than one hundred lawsuits.  He then amended his Schedule C twice, first adding legal grounds for his exemptions (as Schedule C requires), then changing those grounds.  The trustee objected to Gomez's Second Amended Schedule C.  That objection was continued for several months until at last a briefing schedule was set.  Meanwhile, Gomez amended his Schedule C a third time, and  the trustee did not object.

Before the court for ruling is the trustee's fully briefed objection to the exemptions Gomez claimed in his Second Amended Schedule C.  Gomez opposes the objection.  Because the trustee did not object to the Third Amended Schedule C, he says, and because the time to object has passed, the objection is moot.

For the reasons discussed below, Gomez is right.  The trustee's objection will be overruled.

**1.  Jurisdiction**

The court has subject matter jurisdiction of the bankruptcy case under 28 U.S.C. §

1334(a) and the district court's Internal Operating Procedure 15(a).  This is a core proceeding.

28 U.S.C. §§ 157(b)(2)(A), (B); *see In re Paulsen*, 640 B.R. 147, 151 (Bankr. N.D. Ill. 2022),

*aff'd in part, dismissed in part*, No. 22 C 50111, 2023 WL 8019393 (N.D. Ill. Nov. 20, 2023).

## 2.  Background

The facts come from the docket in the bankruptcy case, papers (including claims) filed in

the case, the website of the Illinois Attorney Registration and Disciplinary Commission, and the

dockets of the court of appeals and district court.  This court can take judicial notice of

information on government web sites, *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003), of

its own docket, and of the dockets of other courts in related matters, *In re Prate*, 634 B.R. 72, 75

n.1 (Bankr. N.D. Ill. 2021).  No facts are in dispute.

### a.  The Litigation and the Bankruptcy Case

Gomez is an Illinois lawyer who was suspended from the practice of law in 2022 and is

not currently authorized to practice.  He calls himself "retired."  Rather than represent clients,

Gomez has taken to representing himself.  Federal court records show eleven lawsuits in this

district with Gomez as plaintiff since 2018 and fourteen appeals since 2021.  Some (if not all) of

Gomez's litigation has been frivolous and drawn sanctions.  In July 2022, the Circuit Court of

Cook County awarded Gomez's opponents $91,393 in attorney's fees and costs for having to

defend themselves against his efforts.  In December 2022, the district court awarded his

opponents $127,081.  In February 2023, the court of appeals awarded his opponents – the same

ones – $47,434.

On the hook for $265,908 in sanctions in these matters alone, the next month Gomez

sought relief pro se under chapter 7 of the Bankruptcy Code.  Gomez filed the schedules that all

chapter 7 debtors file.  On lines 33 and 34 of his Schedule A/B, a list of his property, he checked

"yes" to affirm that he had "claims against third parties" as well as "other contingent and

unliquidated claims."  Submitted with Schedule A/B was an "Attachment 1," a list of 118

lawsuits and other matters, some pending and some apparently concluded, identified by court

and case number.  Of the 118, fourteen had been filed in Texas state courts, two in California

state courts, forty-four in the Circuit Court of Cook County, Illinois, and fifty-eight in assorted

federal district courts and courts of appeals.

### b.  The Schedules C

Along with his Schedule A/B and other schedules, Gomez filed Schedule C, listing the

property he claimed as exempt.  On his Schedule C, he checked the box in Part 1 stating that he

was "claiming federal exemptions."  In Part 1, he claimed exemptions for "auto," "personal

property," and "cash."  In Part 2, he claimed exemptions for (among other things) all the

litigation he had listed in Schedule A/B.  He listed on a single line "All Plaintiff Cases," with a

reference to "Att. 1."  On the next line he listed "All Potential Claims" with the same reference.

On each of those lines, he gave a value of "$0.00" for the value of the portion he owned and

checked the box giving the claimed exemption amount as "100% of fair market value, up to any

applicable statutory limit."  On every line of Schedule C, he left blank the space for "specific

laws that allow exemption."

Two months later, Gomez filed a "First Amended Schedule C."  The new Schedule C

was identical to the original, except that this time Gomez completed the space asking the legal

basis for the claimed exemption.  On the line for his "auto," Gomez added "735 ILCS 5/12-

1001(b)," the Illinois "wild card" exemption for equity interests in personal property.  On every

other line, Gomez added: "735 ILCS 5/12-1001(a), (b), (d), (f), (g), (h), (i)," all but one

provision of the Illinois personal property exemption statute, and "11 USC 552," not an

exemption statute but the Bankruptcy Code provision concerning the post-petition effect of

security interests.

Three weeks later, Gomez filed a "Second Amended Schedule C."  This Schedule C (a

copy of which is attached to this opinion) was identical to its predecessor, except that:

• On the line for the "auto," Gomez changed the statutory citation to "735 ILCS 5/12-

1001(c)," the exemption for an interest in a motor vehicle.

• On the line for "personal property," he added a reference to "Att.1 hereto, and Lines 33,

34" of Schedule A/B and changed the statutory citation to "735 ILCS 5/12-1001(a), (b)," the

exemption for clothing and other items and the wild card exemption.

• On the lines in Part 2 for his lawsuits, he added this parenthetical phrase below the

$0.00 value he claimed to own:  "Claimed as Zero Present Value, and as exempt Personal

Property."

• On the line for "cash," as well as on the lines in Part 2 for the lawsuits, he trimmed the

statutory reference to "735 ILCS 5/12-1001(b)," the wild card exemption.

The Second Amended Schedule C drew an objection from the trustee.  He complained

that Gomez was using the wild card exemption to "100% exempt each one of his lawsuits," when

the exemption only permits a debtor to exempt his "equity interest, not to exceed $4,000 in

value, in any other property," 735 ILCS 5/12-1001(b) (2022).  Not only was Gomez exempting

the lawsuits in their entirety but he was claiming the full wild card exemption more than once,

which is impermissible.  *See Golden Eagle Distrib. Corp. v. Wise Equip. & Rentals*, No. 15 C

8235, 2017 WL 4574967, at *6 (N.D. Ill. Oct. 12, 2017) ("[T]he Illinois personal property

exemption statute does not permit debtors to use the wildcard exemption more than once.").

A month later, Gomez amended his Schedule C yet again.  On the Third Amended Schedule C (a copy of which is also attached to this opinion), Gomez checked the box in Part 1 stating that he was claiming "state and federal nonbankruptcy exemptions" rather than "federal exemptions."  The rest of the form stayed the same, except that Gomez added the citation for the wild card exemption to an exemption he claimed in Part 2 for "other property" and also added "11 USC 522" before the statutory citation on each line.

Eleven days after filing the Third Amended Schedule C, Gomez filed what he called a "2nd Amended Attachment I to Schedules A/B and C" for the supposed purpose of "Clarifying, Adding, and Listing Exempted Cases."  The relationship between the "2d Amended Attachment" and the list of cases Gomez originally attached to his Schedule A/B is unclear.  The "2d Amended Attachment" was shorter, listing only some of the matters on the original list, but it also added new ones, including three appeals to the Illinois Appellate Court.

The trustee did not object to the Third Amended Schedule C.

### c.  The Creditors Meeting

The first date for the creditors meeting in Gomez's case was April 14, 2023.  The April 14 meeting was rescheduled to May 15.  The trustee then continued the meeting repeatedly (to June 6, to July 12, to August 22, to September 12, to September 27, and then to October 18), each time filing a formal statement adjourning the meeting to the next date.  The docket shows no dates after October 18 for a continued meeting.  The trustee filed no statement after October 18 adjourning the meeting to another date.

### d.  The Trustee's Objection

Aware that the trustee had objected to the exemptions in the Second Amended Schedule

C but not that Gomez had filed a Third Amended Schedule C (let alone the "2d Amended Attachment"), the court set a briefing schedule on the trustee's objection. In his response, Gomez did not challenge the substance of the objection, arguing only that the trustee had failed to object to the Third Amended Schedule C, and the time to object had passed. The trustee disagrees.

### 3. Discussion

Gomez has the better of the argument. Under the Bankruptcy Rules, the deadline for parties in interest to object to the exemptions Gomez claimed in the Third Amended Schedule C was November 17, 2023. The trustee did not ask for an extension of the deadline, as he could have, and he did not object before the deadline passed. That means the exemptions Gomez claimed are final and can no longer be contested. The trustee's objection to the Second Amended Schedule C, though well taken, is moot.

### a. The Exemption Scheme

The filing of a bankruptcy petition "creates an estate," 11 U.S.C. § 541(a), consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1). But the Code also lets a debtor exempt certain property from the estate and so the trustee's administration. *See* 11 U.S.C. § 522(b). Except in specified instances, exempt property "is not liable during or after the case for any [pre-petition] debt of the debtor." 11 U.S.C. § 522(c); *Law v. Siegel*, 571 U.S. 415, 417-18 (2014); *Payne v. Wood*, 775 F.2d 202, 204 (7th Cir. 1985) ("Anything properly exempted passes though bankruptcy; the rest goes to the creditors.").

The Code specifies the property a debtor may exempt. *Schwab v. Reilly*, 560 U.S. 770,

774 (2010).  Section 522(b) lets some debtors choose between the exemptions in section 522(d) (often loosely called the "federal exemptions") and the exemptions in section 522(b)(3) (federal exemptions not in section 522(d) and exemptions under state and local law).  11 U.S.C. § 522(b); *In re Hernandez*, 918 F.3d 563, 566-67 (7th Cir. 2019).  Some debtors, though, have no choice.  If state law bars the use of the section 522(d) exemptions, the debtor is limited to the exemptions in section 522(b)(3).  11 U.S.C. § 522(b)(2).  Illinois has "opted out" of the section 522(b)(2) exemptions, 735 ILCS 5/12-1201 (2022), leaving Illinois debtors to the exemptions in section 522(b)(3).  *See generally In re Bauman*, No. 11 B 32418, 2014 WL 816407, at *11-12 & n.12 (Bankr. N.D. Ill. Mar. 4, 2014) (explaining the exemption scheme).

Exemption of property is not automatic.  A debtor must claim exemptions on Schedule C, Official Form No. 106C.  *See Schwab*, 560 U.S. at 774.  To complete Schedule C, a debtor must first choose between the section 522(b)(2) and (b)(3) exemptions by checking the appropriate box in Part 1, Line 1.  *See* Official Form No. 106C.  (An Illinois debtor will always check the section 522(b)(3) box.  *Bauman*, 2014 WL 816407, at *12.)  The debtor must then complete the rest of Part 1 (and if necessary Part 2) by stating on each line (a) a description of the property claimed as exempt and the corresponding line of Schedule A/B where it appears; (b) the current value of the portion the debtor owns; (c) the amount of the claimed exemption (either a set dollar value or "100% of fair market value, up to any applicable statutory limit"; and (d) the specific laws that allow the exemption.  Official Form No. 106C.

### b.  The Objection Deadline

But property does not become exempt simply because the debtor lists it on Schedule C. *Polis v. Getaways, Inc.*, No. 98 C 1808, 2001 WL 185481, at *2 (N.D. Ill. Feb. 26, 2001) (making this point).  Parties in interest can object to a debtor's claims of exemptions, *see* 11

U.S.C. § 522(*l*); *see, e.g., Carroll v. Takada*, 864 F.3d 512, 514 (7th Cir. 2017) (affirming decision sustaining trustee's objection), and property claimed as exempt is not removed from the estate until objections are resolved favorably to the debtor, *Schwab*, 560 U.S. at 793; *In re Kaplan*, 468 B.R. 246, 249 (Bankr. W.D. Ky. 2012) (noting that property claimed as exempt is removed from the estate "once the exemption determination becomes final"); *In re Williams*, 249 B.R. 222, 223 (Bankr. D.D.C. 2000).

Bankruptcy Rule 4003(b)(1) sets the deadline for parties in interest to object to a claim of exemption. A party interest must object either "within 30 days after the meeting of creditors . . . is concluded or within 30 days after any amendment to the list [meaning Schedule C] or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). Rule 2003(e), in turn, says that the creditors meeting "may be adjourned from time to time by announcement at the meeting of the adjourned date and time." Fed. R. Bankr. P. 2003(e). The Rule continues: "The presiding official shall promptly file a statement specifying the date and time to which the meeting is adjourned." *Id.* A meeting that ends with no adjourned date and time and no filed statement is considered concluded. *In re Jenkins*, 784 F.3d 230, 238 (4th Cir. 2015); *In re Montanez*, No. 18 B 24734, 2020 WL 1644286, at *3 (Bankr. N.D. Ill. Apr. 1, 2020).

The deadline in Rule 4003(b) is strictly enforced. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992). Once the 30-day period passes (and if no extension has been sought before it does), parties cannot object to a claim of exemption "whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 644; *see also In re Kazi*, 985 F.2d 318, 320 (7th Cir. 1993) (calling the deadline "an absolute bar to consideration of the merit of the exemptions"). At that point, the exemption is final, and "the property claimed as exempt on [Schedule C] is exempt."

11 U.S.C. § 522(*l*).

### c. The Trustee's Failure to Object

When Gomez filed his chapter 7 petition, the claims he was asserting in his many lawsuits became property of his estate. *Polis v. Getaways, Inc. (In re Polis)*, 217 F.3d 899, 901-02 (7th Cir. 2000). As the estate's representative, 11 U.S.C. § 323(a), the chapter 7 trustee had the sole right to prosecute those claims, 11 U.S.C. § 323(b); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999).

Gomez claimed as exempt all the lawsuits listed in his Schedule A/B, and he amended his Schedule C three times, most recently on July 17, 2023, when he filed the Third Amended Schedule C. But the deadline to object to his exemptions did not begin to run on July 17 because the creditors meeting had not concluded. *See* Fed. R. Bankr P. 4003(b). The meeting concluded on the last continued meeting date, October 18. Whether the trustee announced an adjourned date and time is unclear (no transcript of the meeting has been provided), but there is no question he did not file a statement specifying "the date and time to which the meeting is adjourned." *Id.* That made the deadline to object thirty days after October 18, or November 17. The trustee did not object to the exemptions in the Third Amended Schedule C by that date. Because he did not, he lost the right to object. *Taylor*, 503 U.S. at 643.

The trustee disagrees, noting in his reply that he had objected to the Second Amended Schedule C, and "[t]he Third Amended Schedule C is EXACTLY the same as the Second Amended [Schedule] C." Therefore, he argues implicitly, he did not have to object to the third amendment. His objection to the second was enough.

Had the Third Amended Schedule C been *exactly* the same as its predecessor (a duplicate, in other words, with "second amended" simply changed to "third amended"), the

trustee might have a point.  But the two Schedules C are not exactly the same.  In the Third

Amended Schedule C, Gomez elected to claim exemptions under section 522(b)(3) instead of

section 522(b)(2).  On the first three lines in Part 1, he added "11 USC 522" to the laws allowing

the exemptions.  He added the same citation to four lines in Part 2.  And he added to the first line

in Part 2 citations to both "11 USC 522" and "735 ILCS 5/12-1001(b)" where there had been no

reference at all before.

True, most of these changes made no substantive difference.  Gomez elected in the Third

Amended Schedule C to claim exemptions under section 522(b)(3) because he is an Illinois

resident and had to.  *Bauman*, 2014 WL 816407, at *12.  So it did not matter that he had checked

the wrong box in the Second Amended Schedule C to say he was claiming federal exemptions

under section 522(b)(2).  Nor did it matter that he then inserted citations to "11 USC 522" on

each line in Parts 1 and 2 of the Third Amended Schedule C.  Those citations added nothing

because section 522 governs all claims of exemption, and Gomez had checked the box in Part 1

that he was claiming exemptions under "11 U.S.C. § 522(b)(3)."  The citations to "11 USC 522"

were superfluous.

On the other hand, changing the *first* line of Part 2 in the Third Amended Schedule C to

insert "11 USC 522" and "735 ILCS 5/12-1001(b)" as the law allowing the exemption did make a

difference.  In his Second Amended Schedule C, Gomez had written only "N/A," meaning "not

applicable."  But leaving the legal basis blank is not an option.  "A debtor who fails to provide the

legal basis of his claim of exemption . . . fails to claim the exemption."  *Bauman*, 2014 WL

816407, at *13.  That deficiency alone would have meant that Gomez had claimed no exemption

on the first line of Part 2.  Amending that line to give a legal basis eliminated at least one problem

with Gomez's Schedule C.  The change was substantive.  *Cf. Lini, Inc. v. Schachter (In re*

*Schachter)*, 214 B.R. 767, 777 (Bankr. E.D. Pa. 1997) (changing the legal basis for an exemption

"restarted the 30-day time clock" under Rule 4003(b)(1)).[1]

In a supplemental reply, the trustee concedes that the Third Amended Schedule C was not

in fact identical to its predecessor (although he insists, wrongly, that the two schedules were

"essentially (if not identically) the same").  Citing *Atkinson v. Paturu (In re Paturu)*, Nos. 18-

18864 (CMG), 20-1465 (CMG), 2021 WL 150505, at *9-10 (Bankr D. N.J. Jan. 15, 2021),

however, he maintains that the Third Amended Schedule C was ambiguous because Gomez

claimed "both federal and state exemptions," something he cannot do.  Given the ambiguity, the

trustee says, he did not have to object.  The objection period never began to run.

Not so.  The trustee is right that a vague or ambiguous claim of exemption has no legal

effect.  *In re Andermahr*, 30 B.R. 532, 533 (B.A.P. 9th Cir. 1983).  Because it does not, the

objection period never begins to run, and no objection is necessary.  *In re Soori-Arachi*, 623 B.R.

181, 195 (B.A.P. 1st Cir. 2021).  But Gomez did not claim both federal and state exemptions in

the Third Amended Schedule C, as the trustee asserts.  Gomez checked the correct box in Part 1

---

[1]    Not that it mattered whether the change was substantive.  Rule 1009(a) says that
"[a] . . . schedule . . . may be amended by the debtor . . . at any time before the case is closed."
Fed. R. Bankr. P. 1009(a).  Nowhere does the Rule limit an "amendment" to one having some
substantive effect.  To "amend" means simply: "1. To correct or make usu[ally] small changes
to (something written or spoken) . . . 2. To change the wording of; specifically, to formally alter
. . . by striking out, inserting, or substituting words."  *Black's Law Dictionary* 101 (11th ed.
2019).  Gomez's Third Amended Schedule C "amend[ed]" its predecessor, substantive effect or
not.

Rule 4003(b)(1) in no way alters this conclusion.  To the contrary, Rule 4003(b)(1) says
the thirty-day objection period runs from the conclusion of the creditors meeting or "any
amendment" to Schedule C, whichever is later.  Fed. R. Bankr. P. 4003(b)(1).  Again, an
amendment is simply a "change" to "something written or spoken," *Black's Law Dictionary* at
101, and "any" has "an expansive meaning, that is, 'one or some indiscriminately of whatever
kind.'"  *United States v. Gonzalez*, 520 U.S. 1, 5 (1997) (internal quotation omitted).  Rule
4003(b)(1) does not qualify "amendment," let alone restrict it to material or substantive changes.

to make clear that he was "claiming state and federal nonbankruptcy exemptions" under section 522(b)(3) and proceeded in the rest of Part 1 and in Part 2 to claim Illinois state exemptions. Because section 522 governs exemptions generally, adding "11 USC 522" to each line did not mean Gomez was claiming federal rather than state exemptions.  The citation, then, could have confused no one.  As for *Paturu*, the Schedule C there was riddled with inconsistencies and contradictions.  *See Paturu*, 2021 WL 150505, at *9-10.  *Paturu* is no help to the trustee.

Finally, the trustee notes that *Taylor* declined to decide whether section 105(a) of the Code, 11 U.S.C. § 105(a), allows courts to address late objections to claims of exemption when the debtor has acted in bad faith.  *See Taylor*, 503 U.S. at 645.  The trustee asks this court "in an exercise of its equitable powers" to let his objection to Gomez's Second Amended Schedule C stand as his objection to the Third Amended Schedule C.

*Taylor* may not have decided the question, but *Law v. Siegel*, 571 U.S. 415 (2014), did. *Siegel* specifically rejected the notion that bankruptcy courts have the kind of equitable power the trustee wants exercised here.  Section 522, *Siegel* declared, "does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate."  *Id.* at 423.  In particular, *Siegel* said, the Code – and so section 105(a) – confers no "general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct."  *Id.* at 425; *In re Smith*, 999 F.3d 452, 456 (6th Cir. 2021) (noting that *Siegel* "flatly rejected the idea that § 105(a) vests in the bankruptcy courts equitable power to disregard the Code's provisions when they lead to results that seem unfair").  Even if Gomez acted in bad faith in repeatedly amending his Schedule C, then, the trustee never objected to the Third Amended Schedule C. Nothing can be done about that now, bad faith or not.  *Taylor*, 503 U.S. at 644; *Kazi*, 985 F.2d at 320.

-12-

Because the Rule 4003(b) deadline for the trustee to object came and went on November 17 without an objection, the exemptions Gomez claimed in the Third Amended Schedule C are final.[2] The trustee's objection to the Second Amended Schedule C is moot.

### 4. Conclusion

For these reasons, the trustee's objection to the exemptions that debtor Felipe Nery Gomez claimed in the Second Amended Schedule C is overruled as moot. A separate order will be entered consistent with this opinion.

Dated: December 29, 2023

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

---

[2] Gomez misunderstands what his now-final exemptions mean. He asserts in his response to the trustee's objection that they mean the lawsuits he disclosed in his Schedule A/B have been "exempt the entire time" and were "never 'turned over'" to the trustee as property of the bankruptcy estate.

The exemptions mean nothing of the kind. The lawsuits became property of his estate when he filed his petition, just as his other property did. *See* 11 U.S.C. § 541(a)(1); *Polis*, 217 F.3d at 901-02. Exempt property is excluded from the estate, true enough, but only when the exemption becomes final, *Kaplan*, 468 B.R. at 249, and the exclusion is not retroactive, *Sandri v. Asset Recovery Sols., LLC*, No. 18 C 1182, 2018 WL 5724050, at *3 (E.D. Wis. Nov. 1, 2018); *Yelverton v. District of Colum.*, 529 B.R. 1, 3-4 (D.D.C. 2014). Moreover, the exemption Gomez claimed in the lawsuits, the Illinois wild card exemption, excludes only his "interest" in them up to $4,000, not the lawsuits themselves. *See* 735 ILCS 5/12-1001(b) (2022); *see also Schwab*, 560 U.S. at 782-83 & n.9; *In re Gebhart*, 621 F.3d 1206, 1210 (9th Cir. 2010). The lawsuits remain property of his estate, *Schwab*, 560 U.S. at 792, and the trustee can still pursue them for the benefit of creditors – as long as he pays Gomez his $4,000 exemption from any recoveries, *Yelverton v. District of Colum. Dept. of Pub. Works (In re Yelverton)*, Nos. 09-00414, 14-10046, 2015 WL 3637440, at *13 (Bankr. D.D.C. June 10, 2015) ("A partially exempted lawsuit remains property of the estate, with the debtor only entitled to receive from the proceeds of the lawsuit the dollar amount exempted. The exemption does not confer standing on the debtor to pursue the lawsuit.").

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**06/02/2023**

**JEFFREY P. ALLSTEADT, CLERK**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | FELIPE | NERY | GOMEZ |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Northern District of Illinois

Case number  23-3023
(If known)

XX ☐ Check if this is an
amended filing

Official Form 106C   SECOND AMENDED

# Schedule C: The Property You Claim as Exempt       04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☑ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Auto<br>Line from Schedule A/B: 56 | $ 500.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(c) |
| Brief description: Personal Property<br>Line from Schedule A/B: 57  (Including Att. 1 hereto, and Lines 33, 34) | 4,000+ | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a), (b) |
| Brief description: Cash<br>Line from Schedule A/B: 58 | $ 53 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | ~~735 ILCS 5/12-1001(b)~~ |

3. **Are you claiming a homestead exemption of more than $189,050?**

   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      ☐ No

      ☐ Yes

Official Form 106C                    Schedule C: The Property You Claim as Exempt                    page 1 of 2

| Debtor 1 | FELIPE | NERY | GOMEZ | Case number *(if known)* 23-3023 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 2:    Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Other Property  Line from *Schedule A/B:* 61 | $_____0.00 | ❑ $_____  ☑ 100% of fair market value, up to any applicable statutory limit | N/A |
| Brief description: Claims v 3rd Parties  Line from *Schedule A/B:* 33   (Claimed as Zero Present Value, and as exempt "Personal Property") | $_____0.00 | ❑ $_____  ☑ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: CClaims/SetOffs  Line from *Schedule A/B:* 34   (Claimed as Zero Present Value, and as exempt "Personal Property")) | $_____0.00 | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) 1 |
| Brief description: All Plaintiff Cases  Line from *Schedule A/B:* Att.1   (Claimed as Zero Present Value, No Market and "Personal Property") | $_____0.00 | ❑ $_____  ☑ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 1001(b) |
| Brief description: All Potential Claims  Line from *Schedule A/B:* Att. 1   (Claimed as Zero Present Value, and as exempt "Personal Property")) | $_____0.00 | ❑ $_____  ☑ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____  Line from *Schedule A/B:* _____ | $_____ | ❑ $_____  ❑ 100% of fair market value, up to any applicable statutory limit | _____ |

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**07/17/2023**

**JEFFREY P. ALLSTEADT, CLERK**

XX ☐ Check if this is an
amended filing

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | FELIPE      NERY      GOMEZ |
| | First Name     Middle Name     Last Name |
| Debtor 2 (Spouse, if filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: Northern District of Illinois | |
| Case number (If known) | 23-3023 |

Official Form 106C   **THIRD AMENDED**

# Schedule C: The Property You Claim as Exempt

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☒ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Auto<br>Line from *Schedule A/B*: 56 | $ 500.00 | ☐ $ _____<br>☒ 100% of fair market value, up to any applicable statutory limit | 11 USC 522 and 735 ILCS 5/12-1001(c) |
| Brief description: Personal Property<br>Line from *Schedule A/B*: 57  (Including Att. 1 hereto, and Lines 33, 34) | 4,000+ | ☐ $ _____<br>☒ 100% of fair market value, up to any applicable statutory limit | 11 USC 522 and 735 ILCS 5/12-1001(a), (b) |
| Brief description: Cash<br>Line from *Schedule A/B*: 58 | $ 53 | ☐ $ _____<br>☒ 100% of fair market value, up to any applicable statutory limit | ~~11 USC 522 and 735 ILCS 5/12-1001(b)~~ |

3. **Are you claiming a homestead exemption of more than $189,050?**

   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☒ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

Debtor 1   FELIPE         NERY         GOMEZ               Case number *(if known)* 23-3023
     First Name     Middle Name     Last Name

**Part 2:**   **Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Other Property<br>Line from *Schedule A/B:* 61 | $ 0.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | ~~11 USC 522 and 735 ILCS 5/12-1001(b)~~ |
| Brief description: Claims v 3rd Parties<br>Line from *Schedule A/B:* 33 (Claimed as Zero Present Value, and as exempt "Personal Property") | $ 0.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 11 USC 522 and 735 ILCS 5/12-1001(b) |
| Brief description: CClaims/SetOffs<br>Line from *Schedule A/B:* 34 (Claimed as Zero Present Value, and as exempt "Personal Property")) | $ 0.00 | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 USC 522 and 735   1<br>ILCS 5/12-1001(b) |
| Brief description: All Plaintiff Cases<br>Line from *Schedule A/B:* Att.1 (Claimed as Zero Present Value) | $ 0.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 11 USC 522 and 735 ILCS 1001(b) |
| Brief description: All Potential Claims<br>Line from *Schedule A/B:* Att. 1 (Claimed as Zero Present Value, and as exempt "Personal Property")) | $ 0.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 11 USC 522 and 735 ILCS 5/12-1001(b) |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |