**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**02/26/2024**

**JEFFREY P. ALLSTEADT, CLERK**

Form G-3 (20230922)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION      DIVISION

In re:   Felipe Nery Gomez                )   Chapter  7
                                          )
                                          )   No. 23B3023
                                          )
          Debtor(s)                       )   Judge A. Benjamin Goldgar

## NOTICE OF MOTION

TO:  See attached list

   PLEASE TAKE NOTICE that on March 4, 2024_____, at _10:00_ a.m.  , I will appear before the Honorable A. Benjamin Goldgar_____,, or any judge sitting in that judge's place, **either** in courtroom __642_ of the Everett McKinley Dirksen United States Courthouse      , 219 S. Dearborn Street, Chicago, IL 60604       **or** electronically as described below, and present the motion of ___Debtor Gomez_____ [to/for] Reconsider Stilley Motion to Lift [46]_____, a copy of which is attached.

   **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

   **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

   **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

   **Meeting ID and passcode.** The meeting ID for this hearing is _1615000972_, and the passcode is ___726993___. The meeting ID and passcode can also be found on the judge's page on the court's web site.

   **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

        By: _____

        PO Box 9263
        Lombard, IL 60148

## **CERTIFICATE OF SERVICE**

I, Felipe N Gomez _____ , certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on _____2.24.24_____ , at __9am_____ .
All appearing parties are served by ECF upon filing of this document by the Clerk to the Docket.

_____
[Signature]

Felipe N Gomez
PO Box 9263
Lombard IL 60148

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
02/26/2024
JEFFREY P. ALLSTEADT, CLERK

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF ILLINOIS

lift

| | |
|---|---|
| In Re Felipe Nery Gomez | 23B3023<br>Hon. Judge A. Benjamin Goldgar |

### GOMEZ  FRCP 59/60 MOTION TO RECONSIDER STILLEY MOTION TO LIFT STAY [46]

### MOTION

NOW COMES DEBTOR GOMEZ, and per FRCP 59 or 60 as may apply, MOVES to RECONSIDER Stilley's 5.15.23 Motion to Lift Stay [46] (Att. A) as to *Braid v Gomez, 21cv5283* and subsequent appeal *CA7 22-2815*, given the new facts and law where the Texas 4th Court of Appeals upheld Gomez's loss in *Gomez v Braid, 23CI8302*, mooting whatever valid aspects of *21cv5283* (falsely claiming that Braid could not defend in Texas) that may have existed, and where Stilley and Gomez desire to end the Illinois aspects of the SB8 litigation, and where there were no objections from any parties or creditors, with Gomez attaching the opinion hereto for and requests judicial notice of same as Att. B.

### IV. RELIEF

Debtor MOVES the Court reconsider and grant Stilleys' Motion, and LIFT the STAY as to the Braid v Stilley and Gomez litigation.

*By: s/Felipe N Gomez, Pro Se*          Dated: 2.24.24

### NOTICE AND CERTIFICATE OF FILING AND SERVICE

Gomez hereby NOTIFIES that this Certificate and the foregoing Motion was filed this date with the Clerk of the Bankruptcy Court, N.D. Illinois, by Pro Se e-mail, to be filed into the CM/ECF system, and that notice will be given thereby to all appearing parties.

Submitted By: *s/Felipe N Gomez, Pro Se*          **Date: 2.24.24**

PO 9263

Lombard, IL 60148

312.509.2071

t312.509.2071@gmail.com

# ATTACHMENT A

## STILLEY MOTION [46] DOCUMENTS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: FELIPE NERY GOMEZ | Chapter 7 |
|---|---|
| Debtor | No. 23-3023 |
| | Hearing date 5-22-2023 at 9:30 AM |
| OSCAR STILLEY | Honorable Judge A. Benjamin Goldgar |
| MOVANT | Courtroom 642 |

### NOTICE OF MOTION

Comes now Movant Oscar Stilley (Stilley) and for his notice of motion states:

PLEASE TAKE NOTICE THAT ON May 22, 2023, at 9:30 AM, I will appear

before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place,

either in courtroom 642 of the Everett McKinley Dirksen United States Courthouse,

219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and

present the motion of Oscar Stilley, *pro se*, entitled **OSCAR STILLEY'S VERIFIED**

**MOTION FOR AN ORDER LIFTING THE STAY AS TO CERTAIN**

**LITIGATION, AND FOR WAIVER OF FILING FEES, WITH INCLUDED**

**SUPPORTING BRIEF**

**All parties in interest, including the Movant, may appear for the**

**presentment of the motion either in person or electronically using Zoom for**

**government.**

You may appear electronically by video or by telephone.

To appear by video, use this link: https://www.zoomgov.com/. Then enter the

meeting ID and passcode.

To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

Meeting ID and passcode. The Zoom meeting ID for this hearing is 1615000972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's website.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Respectfully submitted,

By: /s/ Oscar Stilley                    May 12, 2023
Oscar Stilley                            Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Oscar Stilley hereby certifies that on the date stated above he submitted this pleading by email, for electronic filing via CM/ECF system, whereby all parties entitled to notice will receive same. Stilley is not an ECF filer but has signed up for electronic notice via EBN.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: FELIPE NERY GOMEZ<br><br>                              Debtor<br><br>OSCAR STILLEY<br><br>                              MOVANT | Chapter 7<br>No. 23-3023<br>*Hearing date 5-22-2023 at 9:30 AM*<br>Honorable Judge A. Benjamin Goldgar<br>Courtroom 642 |

**OSCAR STILLEY'S VERIFIED MOTION FOR AN ORDER LIFTING
THE STAY AS TO CERTAIN LITIGATION, AND FOR WAIVER OF FILING
FEES, WITH INCLUDED SUPPORTING BRIEF**

Comes now Movant Oscar Stilley (Stilley) and for his verified motion states:

1.      Stilley is an Appellee in *Dr. Alan Braid, MD v. Oscar Stilley et al*, 7th Circuit # 22-2815, along with Debtor Felipe Nery Gomez, (Gomez) and Wolfgang P. Hirczy de Mino, Ph.D. This is Dr. Braid's appeal from the US District Court for the Northern District of Illinois (ILND) *Dr. Alan Braid, MD v. Oscar Stilley et al*, 1:21-cv-05283. Braid sought interpleader, declaratory, and injunctive relief concerning potential liabilities under Texas SB8, a law regulating abortion, etc. This might for purposes of convenience be referred to as "Braid litigation."

2.      Gomez by his bankruptcy has procured a formal stay of the proceedings of this appeal #22-2815, with intent to extinguish Dr. Braid's claims. He said as much in his status report 4-19-2023. 7th Circuit Dkt. #50.

3.      The 7th Circuit has ordered Gomez to file another status report by June 12, 2023. 7th Circuit Dkt. #51.

4.     Dr. Braid in his unsuccessful motion for summary judgment did not request any attorney's fees at all. ILND 1:21-cv-05283 Dkt. 75.  Nor is such relief suggested in the brief in support. ILND 1:21-cv-05283 Dkt 75-1.

5.     The "claim" against Gomez is not a debt in any normal sense of the word.

6.     Gomez' Schedule E/F Part 4 (Dkt. 22) lists 10 purported creditors related to the reproductive rights litigation discussed herein. The amounts are always "unknown," continuing, disputed, and contingent. Gomez generally claims that he faces some combination of attorney's fees, costs, or damages.

7.     Stilley is not a listed creditor in Gomez' bankruptcy pleadings.

8.     Debtor Gomez does not claim anything with respect to the Braid litigation as an asset of the bankruptcy estate.

9.     Stilley's Required Statement, Form G4, is attached hereto.

**Fee Waiver Request**

10.     Stilley works for REVAMP (Remember Every Victim and Missing Person in US, Inc.), a non-profit corporation.

11.     Stilley earns $11 per hour for 30 hours per week.  He also receives about $130 per month in royalties on a book entitled "Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges."

12.     Stilley is on supervised release, after having served a 15 year prison sentence on utterly bogus charges of tax evasion and conspiracy. Stilley is currently appealing a 3 month prison sentence imposed on revocation of supervised release. 10th Circuit 22-5113, Opening Brief.

2

13.    The sentencing court has included in its "special conditions" a requirement that Stilley maintain monitoring software on any computer or phone that he uses, at his own expense.

14.    Stilley's degree in Administrative Management,[1] has been rendered all but worthless for the time being.

15.    Stilley must maintain employment, lest his supervised release be revoked, and he be returned to prison for failure to maintain employment.

16.    Stilley is 59 years old.

17.    Stilley has arthritis in his left knee, which prevents him from holding down a regular job that would require him to be on his feet or working at manual labor.

18.    Stilley is filing this motion because he believes it is the honorable and just thing to do, not because of expectation of monetary gain from the Braid litigation.

19.    Under Stilley's current limitations and meager income, a requirement that he pay the $188 filing fee would impose an undue burden.

20.    Stilley nevertheless intends to fulfill all obligations necessary to obtain a ruling on this motion.

WHEREFORE, Stilley respectfully requests an order lifting the bankruptcy stay as to litigation in 7th Circuit 22-2815 and ILND 1:21-cv-05283; waiver of the filing fee; and for such other and further relief as may be appropriate whether or not specifically requested.

---

[1]    Stilley also has a law degree, but is disbarred.

3

## BRIEF IN SUPPORT OF MOTION

Felipe Nery Gomez, (Gomez) filed a "suggestion of bankruptcy," and procured a stay in 7th Circuit Appeal # 22-2815. Dkt. 44, pg. 3. He claimed that the automatic stay operated as a stay of that litigation. Significantly, he took the position that the Braid appellate litigation cannot proceed absent an order in bankruptcy court, "and any appeal thereof."

The 7th Circuit stayed the appellate proceedings, setting a schedule for a status report. Dkt. 48.

Dr. Braid has already filed his opening brief on appeal. Stilley as lead Appellee intends to timely file an appellee's brief. The other appellees will have the opportunity to join Stilley's brief, in whole or in part, or file their own brief.

Debtor Gomez has made it abundantly clear that he will use the bankruptcy proceedings to punish anyone who arguably violates the automatic stay.

Debtor Gomez apparently has attorney's fees and costs already awarded against him in other litigation, based on the disclosures in Docket #22. Debtor Gomez presumably has a legal basis to request discharge of those debts.

The ten parties[2] listed by Debtor Gomez as creditors sought interpleader, declaratory, and injunctive relief related to Texas SB8, a law regulating abortion. See the prayer for relief at ILND 1:21-cv-5283, Dkt. 1, pg. 23. Dr. Braid deposited $10,000 into the registry of the court, saying that he was entitled to that money, rather than any of the three interpleader defendants, all of whom had filed suits

---

[2]      Dr. Braid, a charitable organization, and 8 lawyers.

under Texas SB8. Texas SB8 guarantees a successful litigant not less than $10,000 per abortion sued upon.

Debtor Gomez repeatedly denied that he was entitled to any part of the $10,000. He dismissed his state law claim filed under the basis of Texas SB 8, then requested that the dismissal be converted into a dismissal "with prejudice."

Dr. Braid in his motion for summary judgment didn't ask the District Court to award attorney's fees or costs. In the interests of full disclosure, Dr. Braid's original complaint did list attorney's fees in the prayer for relief, probably as boilerplate text.

Debtor Gomez' alleged fear of economic liability for attorneys fees, costs, or damages from the Braid litigation appears to be contrived. Debtor Gomez has a reputation for being litigious. He is judgment proof or nearly so. It is difficult to think of a plausible reason why a doctor, a charitable organization, and 8 blue chip lawyers would seek pre-petition attorney's fees, costs, or damages.

Nor does the law support the position of Debtor Gomez. Consider the following passage from *Paden v. Union for Experimenting Colleges, Etc.*, 7 B.R. 289, 291 (Bankr. N.D. Ill. 1980):

> The automatic stay should not apply to every action already pending in a non-bankruptcy court to which the bankrupt is a party. *Connell v. Walker,*291 U.S. 1, 5, 54 S.Ct. 257, 258, 78 L.Ed. 613 (1933). A suit which contemplates some relief other than the collection of a scheduled debt is not to be stayed, as its prosecution would not ordinarily interfere with the bankruptcy proceeding. *In re Shenberg,*433 F. Supp. 677, 680 (N.D.Ill. 1977). Indeed, certain types of actions which are directly relevant to the instant case have been exempted from an automatic stay order. *See e. g., Power-Pak Products v. Royal-Globe Insurance Co., supra,*433 F. Supp. at 686-687 (declaratory relief not covered by Rule 11-44 stay; such an action is not a claim for which a

5

discharge would be a release); *Brennan v. TT Trucking, Inc.,* 396 F. Supp. 615, 617 (N.D.Okla. 1975) (suits for injunctive relief are not automatically stayed upon filing of bankruptcy petition).

To the extent that this Court deems such necessary, the stay could be lifted with a proviso that the stay is not lifted with respect to any claim for attorney's fees for work done on or before the date of the filing of Debtor Gomez' lawsuit.

Generally, bankruptcy courts operate on a "snapshot" basis. In other words, they look at the situation on the date of the filing of the bankruptcy petition. To the extent that Debtor Gomez is truly fearful of liability for attorney's fees for work done pre-petition on the Braid litigation, Stilley is sympathetic. To the extent that he wants to obstruct the prosecution of public interest litigation – not so much.

Debtor Gomez doesn't have to do any further work on the Braid litigation. Debtor Gomez should feel free to join Stilley's response brief, or such parts thereof with which he agrees. Stilley will cooperate with his fellow appellees, so as to limit the burden on Debtor Gomez and the 7th Circuit panel assigned to the Braid appeal. Debtor Gomez should also feel free to maintain silence and let the 7th Circuit rule. Debtor Gomez has nothing material, and nothing of economic value, to lose if Stilley gets the relief he seeks.

Debtor Gomez has at least implied that he would appeal a decision allowing the Braid appeal to go forward. Therefore, Stilley requests that the Court's order expressly state that an appeal will not stay the execution of the Court's order, and that a stay will be issued only upon motion, showing a reasonable prospect of success on appeal, coupled with a reasonable appeal bond to be fixed by the Court.

6

After all, this motion has been filed for the purpose of seeking the lifting of a stay. The burden should be on Debtor Gomez to show why Stilley should simply trade one stay for another. If Debtor Gomez is displeased that the Braid litigation may proceed forward in the customary way, he can file an appeal, and seek a stay from the appellate court. The prompt issuance of a scheduling order in 7th Circuit 22-2815 does nothing to injure the legitimate economic interests of Debtor Gomez.

**Fee Waiver Request**

Stilley is in bad economic condition. Stilley has employment with REVAMP (Remember Every Victim and Missing Person in US, Inc.) a nonprofit corporation that assists persons adversely affected by unsolved murder or missing persons cases. Stilley gets minimum wage ($11 per hour in Arkansas) for the minimum hours allowed for a person on federal supervised release (30 hours per week).

Stilley prizes this job not because he likes poverty, but because he likes liberty. The loss of a job and a paycheck probably also involves a return to prison. Therefore, the most meager pay from an organization committed to helping Stilley stay out of prison is preferable to greater pay with less job security. Allowing REVAMP to run out of money for payroll is unthinkable.

The requirement of computer monitoring software, standing alone, would render Stilley nearly unemployable in work appropriate to his education and experience. Other "special conditions" of supervised release are on their own sufficient to dissuade all but the hardiest employer. Taken together, the special conditions are enough to dash hope.

7

Stilley has substantial physical limitations related to arthritis of the left knee. These physical limitations work together with the assault on Stilley's ability to gain employment commensurate with his education and experience, to paint Stilley in an economic corner.

Stilley respectfully requests that this Court waive the $188 filing fee for this motion. At the same time, he is advising court personnel to bill him, to the extent necessary to ensure that the motion is docketed. The Braid litigation is at least as much about the rights of due process and 1st Amendment peaceful petition as it is reproductive rights. On these issues, there is no daylight between Stilley and Braid.

These rights are foundational to western civilization. For these rights, Stilley will spend money when it takes bread off his table. To the extent that this Honorable Court doesn't have a clear legal path to consider a fee waiver, don't worry about it. Just proceed with the consideration of the underlying motion.

## CONCLUSION

This Court should lift the automatic stay sufficiently to allow the 7th Circuit Court Clerk to set a briefing schedule, and to allow the parties to pursue the Braid litigation to its logical conclusion.

## VERIFICATION OF MOTION

I Oscar Stilley by my signature below pursuant to 28 USC 1746 declare under penalty of perjury that the statements made in the numbered paragraphs of the motion above are true and correct.

8

Respectfully submitted,

By: /s/ Oscar Stilley                May 12, 2023
Oscar Stilley                        Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley hereby certifies that on the date stated above he submitted this
pleading by email, for electronic filing via CM/ECF system, whereby all parties
entitled to notice will receive same. Stilley is not an ECF filer but has signed up for
electronic notice via EBN.

9

Form G-4

# REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases:  Debtor(s) _____ FelipeNery Gomez _____  Case No. ___ 23-3023 ___  Chapter ___ 7 ___

All Cases:  Moving Creditor _____ OscarStilley _____  Date Case Filed ___ 3-7-2023 ___

Nature of Relief Sought:  ☒ Lift Stay      ☐ Annul Stay     ☐ Other (describe) _____

Chapter 13:  Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
        ☐ No-Asset Report not Filed, Date of Creditors Meeting _____ 5-16-2023 _____

1.    Collateral
      a.     ☐ Home
      b.     ☐ Car   Year, Make, and Model _____
      c.     ☐ Other (describe)____ None- this is litigation for declaratory/interpleaderelief ____

2.    Balance Owed as of Petition Date  $ _____ 0 _____
      Total of all other Liens against Collateral $_____ 0 _____

3.    In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4.    Estimated Value of Collateral (must be supplied in *all* cases)  $ _____ 0 _____

5.    Default
      a.     ☐ Pre-Petition Default
           Number of months _____      Amount $ _____ N/A _____

      b.     ☐ Post-Petition Default
           i.     ☐ On direct payments to the moving creditor
               Number of months _____      Amount $ _____ N/A _____

           ii.     ☐ On payments to the Standing Chapter 13 Trustee
               Number of months _____      Amount $ _____ N/A _____

6.    Other Allegations
      a.     ☐ Lack of Adequate Protection  § 362(d)(1)
           i.     ☐ No insurance
           ii.     ☐ Taxes unpaid      Amount $ _____
           iii.     ☐ Rapidly depreciating asset
           iv.     ☒ Other (describe) _____ The debtdoesnot exist _____

      b.     ☐ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

      c.     ☐ Other "Cause" § 362(d)(1)
           i.     ☐ Bad Faith (describe)_____
           ii.     ☐ Multiple Filings
           iii.     ☒ Other (describe) _____ No reasonablefear of moneydebt _____

      d.     Debtor's Statement of Intention regarding the Collateral
           i. ☐ Reaffirm   ii ☐ Redeem   iii. ☐ Surrender   iv. ☒ No Statement of Intention Filed

Date: _____ 5-11-2023 _____          _____ /s/ OscarStilley _____
                                               Counsel for Movant

(Rev. 12 /21/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: FELIPE NERY GOMEZ | Chapter 7 |
|---|---|
| Debtor | |
| | No. 23-3023 |
| OSCAR STILLEY | |
| MOVANT | Honorable Judge A. Benjamin Goldgar |

**ORDER GRANTING MOTION FOR RELIEF FROM STAY**

This matter coming before the court on the motion of Oscar Stilley ("Creditor") for relief from the automatic stay, IT IS ORDERED:

1. The motion is granted. The stay is modified so as not to restrain Creditor from pursuing in rem non-bankruptcy remedies as to Dr. Alan Braid, MD v. Oscar Stilley et al, 7th Circuit # 22-2815, or Dr. Alan Braid, MD v. Oscar Stilley et al, District Court for the Northern District of Illinois (ILND) 1:21-cv-05283. The parties may pursue this litigation to its logical conclusion, but may not collect or attempt to collect any attorney's fees, costs, or damages related to any events occurring on or prior to 3-7-2023.

2. The stay in Rule 4001(a)(3) does not apply to this order.

3. In light of Stilley's economic situation, the lack of property of monetary value, and the public interest nature of the litigation involved, this Court grants Stilley's motion for fee waiver. If the fee has already been paid, the Clerk should re-credit the fee to the debit card used to pay the fee.

Dated: _____          _____
                                   Honorable A. Benjamin Goldgar
                                   United States Bankruptcy Judge

ATTACHMENT B

4th COA Opinion in *Gomez v Braid, 23CI8302, Bexar County, Tx.* (Braid II)



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-22-00829-CV

Felipe N. **GOMEZ**,
Appellant

v.

Alan **BRAID**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI08302
Honorable Aaron Haas, Judge Presiding

BEFORE CHIEF JUSTICE MARTINEZ, JUSTICE CHAPA, AND JUSTICE WATKINS

In accordance with this court's opinion of this date, the trial court's December 12, 2022 order is AFFIRMED.

Because appellant is indigent, no costs of this appeal are assessed against him.

Wolfgang P. Hirczy de Miño's motion for leave to file consolidated original proceedings is DENIED, and appellant Gomez's motion to strike is DENIED AS MOOT.

SIGNED February 21, 2024.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00829-CV

Felipe N. **GOMEZ**,
Appellant

v.

Alan **BRAID**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI08302
Honorable Aaron Haas, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: February 21, 2024

AFFIRMED

Appellant Felipe N. Gomez appeals the trial court's December 12, 2022 order granting appellee Alan Braid, M.D.'s plea to the jurisdiction. Gomez argues the trial court erred by failing to consider his 402.010 motion and failing to assure 402.010 notice was served on the Attorney General of Texas. We affirm.

## BACKGROUND

Gomez filed a petition in May 2022 against Dr. Braid, seeking a declaration the doctor violated Texas Health & Safety Code § 171.208 ("SB8") and a $10,000 award for having

prosecuted the doctor. Four months after filing suit, Gomez filed a motion styled "Plaintiff's Gov't Code Sec. 402.010(a) Motion and Request for Finding as to Constitutionality of Plaintiff's Pursuing SB8 Case," asking the trial court to determine SB8's constitutionality. On October 19, 2022, Dr. Braid filed a plea to the jurisdiction and motion to dismiss for lack of subject-matter jurisdiction, arguing, among other things, Gomez did not have standing under the Texas Constitution to prosecute Dr. Braid under SB8. The trial court granted Dr. Braid's plea to the jurisdiction and dismissed Gomez's case against him on December 12, 2022.

This appeal followed.

### TEXAS GOVERNMENT CODE § 402.010

Gomez argues the trial court erred by: (1) failing to hear his Texas Government Code section 402.010 motion, (2) failing to assure 402.010 notice was issued to the State, and (3) failing to determine whether Dr. Braid was required to "file a 402.010." He further argues this court should remand the case to the trial court because it failed to comply with section 402.010.

### A. Law

Texas Government Code § 402.010 provides, in pertinent part:

(a) In an action in which a party to the litigation files a petition, motion, or other pleading challenging the constitutionality of a statute of this state, the party shall file the form required by Subsection (a-1). The court shall, if the attorney general is not a party to or counsel involved in the litigation, serve notice of the constitutional challenge and a copy of the petition, motion, or other pleading that raises the challenge on the attorney general either by certified or registered mail or electronically to an e-mail address designated by the attorney general for the purposes of this section.

(a-1) The Office of Court Administration of the Texas Judicial System shall adopt the form that a party challenging the constitutionality of a statute of this state must file with the court in which the action is pending indicating which pleading should be served on the attorney general in accordance with this section.

(b) A court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general.

(c) A party's failure to file as required by Subsection (a) or a court's failure to serve notice as required by Subsection (a) does not deprive the court of jurisdiction or forfeit an otherwise timely filed claim or defense based on the challenge to the constitutionality of a statute of this state.

. . . .

TEX. GOV'T CODE § 402.010; *Abbott v. Mex. Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 697 (Tex. 2022); *In re Ginsberg*, 630 S.W.3d 1, 12 (Tex. 2018). The statute does not define "challenging" in the phrase "challenging the constitutionality of a statute of this state," and we therefore give the term its plain meaning. *See, e.g.*, *Thompson v. Tex. Dep't of Licensing & Regul.*, 455 S.W.3d 569, 570 (Tex. 2014) (per curiam); *Matter of E.B.*, No. 12-22-00162-CV, 2022 WL 17074849, at *3–4 (Tex. App.—Tyler Nov. 17, 2022, no pet.) (mem. op.). Black's Law Dictionary defines "challenge" as "[t]o dispute or call into question," or "[t]o formally object to the legality or legal qualifications of." *Challenge*, BLACK'S LAW DICTIONARY (11th ed. 2019), *available at Westlaw*.

"To determine the correct standard of review, we look first to the statute." *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Because the statute uses the term "shall" to provide the trial court "shall . . . serve notice of the constitutional challenge . . . on the attorney general," TEX. GOV'T CODE § 402.010(a), the trial court has no discretion but to do so. *See Bocquet*, 972 S.W.2d at 20 ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."); *Walker v. Walker*, 631 S.W.3d 259, 267 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing cases); *see also* TEX. GOV'T CODE § 311.016 (providing "'shall' imposes a duty"); *In re State*, 489 S.W.3d 454, 455 (Tex. 2016) (orig. proceeding) (Willett, J., concurring) (providing trial court's section 402.010(a) duty is "categorical").

**B. Analysis**

Turning to the record, Gomez filed his section 402.010 motion in October 2022, explaining Dr. Braid "believes SB8 unconstitutional" and asking the trial court to "FIND the Constitutionality of SB8" because "Plaintiff is unwilling to prosecute if in fact the Court finds . . . SB8 is facially and substantively flawed." Gomez also filed the section 402.010 form entitled "Challenge to Constitutionality of a State Statute." *See* TEX. GOV'T CODE § 402.010(a-1). In the form, he moved for a "[d]eclaration as to Plaintiff's Right to proceed as to Constitutionality of SB8" adding he was "concerned that SB8 is unusable" and sought "a finding whether SB8 is Constitutional or not." *See id.* On October 19, 2022, Dr. Braid filed a plea to the jurisdiction and motion to dismiss for lack of subject-matter jurisdiction, arguing, among other things, Gomez did not have standing under the Texas Constitution to prosecute Dr. Braid under the provision. During the hearing, the trial court heard argument from Gomez on his 402.010 motion and his assertion SB8 was unconstitutional.[1]

Taken together, Gomez's filings appear to challenge Texas Health & Safety Code § 171.208's constitutionality and appear to comply with Section 402.010(a). *See id.* § 402.010(a); *Challenge*, BLACK'S LAW DICTIONARY. However, nothing in the record shows the trial court provided the attorney general with section 402.010(a) notice.[2] *See* TEX. GOV'T CODE § 402.010(a). Nevertheless, the trial court's December 12, 2022 order does not address the statute's constitutionality. *See id.* § 402.010(b) ("A court may not enter a final judgment holding a statute

---

[1] The trial court expressed confusion over Gomez's assertion SB8 is unconstitutional because he sued Dr. Braid under SB8. Gomez agreed he did file suit against Dr. Braid under SB8, but he explained he did not want to violate Dr. Braid's "constitutional rights," and had "an interest in public law." He disagreed with Dr. Braid's assertion, however, that he lacked standing.

[2] Dr. Braid's plea to the jurisdiction was served on the Attorney General at "const_claims@texasattorneygeneral.gov." *Cf.* TEX. GOV'T CODE § 402.010(a) (trial court required to serve notice, which may be via email).

04-22-00829-CV

of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is

served on the attorney general."). It provides, in pertinent part:

> After considering Defendant Alan Braid M.D.'s Plea to the Jurisdiction . . . , [and] any response and the arguments of counsel, the court
>
> GRANTS the plea to the jurisdiction;
>
> . . . .
>
> . . . It is, therefore
>
> ORDERED that all of Plaintiff Felipe N. Gomez's claims and causes of action are dismissed without prejudice. . . .
>
> . . . It is further
>
> ORDERED that any and all other claims and requests for relief are DENIED. This order fully and finally disposes of all claims and all parties and is appealable.[3]

In other words, the December 12, 2022 order, which fully and finally disposes of all claims and

parties, does not hold "a statute of this state unconstitutional." *See id.*; *see also Int. of C.E.A.Q.*,

No. 09-19-00037-CV, 2020 WL 5240458, at *4 (Tex. App.—Beaumont Sept. 3, 2020, pet. denied)

("Section 402.010(b) of the Government Code expressly states that the trial court must observe

the forty-five-day waiting period when entering a final judgment that declares a state statute

unconstitutional; that is, it does not require the trial court to wait forty-five days before rejecting a

challenge to the constitutionality of a statute. In this case, the trial court did not hold the statute

unconstitutional; therefore, the forty-five-day waiting period in section 402.010(b) of the

Government Code does not apply." (citation omitted)). And Gomez does not otherwise identify

how the trial court's actions pertaining to his section 402.010 motion constituted reversible error

---

[3] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

04-22-00829-CV

resulting in an improper judgment. *See* TEX. R. APP. P. 44.1(a). We therefore cannot conclude the

trial court erred by failing to provide the attorney general with section 402.010(a) notice.[4]

## CONCLUSION

We affirm the trial court's order.[5]

Luz Elena D. Chapa, Justice

---

[4] Nor does Gomez challenge the ground asserted in the plea to the jurisdiction, requiring us to affirm the trial court's ruling. *See Palma v. Gen. Land Off. of Tex.*, No. 14-22-00350-CV, 2023 WL 5217768, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2023, pet. denied) (affirming trial court's order granting plea to the jurisdiction because appellant failed to challenge each independent ground of plea).

[5] On March 22, 2023, we struck purported intervenor Wolfgang P. Hirczy de Miño's filings. Four months later, Hirczy de Miño filed a motion for leave to file consolidated original proceedings. For the reasons stated in our March 22, 2023 order, Hirczy de Miño's motion is denied, and Gomez's motion to strike Hirczy de Miño's motion is denied as moot.