**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

Form G-3 (20230922)

**NORTHERN DISTRICT OF ILLINOIS**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS          **03/11/2024**
EASTERN DIVISION          DIVISION

**JEFFREY P. ALLSTEADT, CLERK**

| | | |
|---|---|---|
| In re:  Felipe Nery Gomez | ) | Chapter 7 |
| | ) | |
| | ) | No. 23B3023 |
| | ) | |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

<u>NOTICE OF MOTION</u>

TO:  See attached list

      PLEASE TAKE NOTICE that on March 18, 2024_____, at _10:00_ a.m.  , I will appear before the Honorable A. Benjamin Goldgar_____,, or any judge sitting in that judge's place, **either** in courtroom _642_ of the Everett McKinley Dirksen United States Courthouse          , 219 S. Dearborn Street, Chicago, IL 60604_____ **or** electronically as described below, and present the motion of ___Debtor Gomez_____ _____ [to/for] Modification of Stay_____, a copy of which is attached.

      **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

      **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

      **Meeting ID and passcode.** The meeting ID for this hearing is _1615000972_ , and the passcode is _726993_ . The meeting ID and passcode can also be found on the judge's page on the court's web site.

      **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: _____

PO Box 9263
Lombard, IL 60148

## <u>CERTIFICATE OF SERVICE</u>

I, <u>Felipe N Gomez</u>, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on _____3.11.24_____ , at __1:30 pm_____.
All appearing parties are served by ECF upon filing of this document by the Clerk to the Docket.

_____
[Signature]

Felipe N Gomez
PO Box 9263
Lombard IL 60148

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ILLINOIS

03/11/2024

JEFFREY P. ALLSTEADT, CLERK

| In Re Felipe Nery Gomez,  Debtor | 23B3023 Ch. 7 |
| | Hon. Judge A. Benjamin Goldgar |

### MOTION FOR MODIFICATION OF STAY AND FOR FEE WAIVER

Now comes Gomez, Pro Se, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order modifying the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code as to *Braid v Stilley/Gomez, USCA 7 Appeal # 22-2815,* as well as to the underlying matter *Braid v Stilley/Gomez, 21cv5283 (NDILL)*. Gomez attaches his G4 Affidavit in support of this Motion as Att. A. and states as follows in support of the requested relief, including waiver of the filing fee $188:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.      Movant Gomez has an interest because 22-2815 is exempt and is Gomez's property, and because Gomez has an interest in, *inter alia*, getting 22-2815 dismissed, such interests conferring standing to bring this Motion for limited relief, and have the Court hear same, such interests further existing as to *USCA 7 Appeal 22-2815* by virtue of:

   A.      Judge Goldgar's determinations during the 3.4.24 hearing [284] denying Gomez's Motion to Reconsider/Alter/Amend [277] the denial [53] of Stilley's motion to lift [46] as to 22-2815, that the matter at issue is of no value to the estate, and thus was never part of the Estate per *Chicago v Fulton, 592 US 154 (2021)*, and at the most was a burden if so, as were most if not all the cases listed as exempt,

   B.      the 12.29.23 findings of this Court [247, 248] that there were no objections filed by anyone to Gomez's 7.17.23 3rd Amended Schedule C [125],

   C.      the face of the docket indicating that no one objected to the last, 7.28.23, amendment to the Schedule C, which was and is the 2nd Amended Att. 1 [144], which contains not only the list of cases subject to the 12.29.23 order, but substantive language relevant, inter alia, to *Chicago v Fulton, 592 US 154 (2021)*, which attachment was not mentioned by the Court's 12.29.23 opinion,

3.      Given that 22-2815 has no value and is exempted from the estate, there are no other parties known to have a pecuniary interest therein, or that would be affected by the modification requested herein, other than the Braid appellants as to effect, whom could protect whatever interests therein in front of USCA7, not this Court.

4.      Gomez circulated a substantially similar draft of this motion, and there were 2 commentors, albeit not constructive, as they inappropriately focus on Kokoszka's apparent insistence, that he is going to bring a motion to abandon (an exempted item), as if Stilley or Kokoska had a stake for Kokoszka to pursue, and do not address, in good faith or otherwise, their asserted problems with the draft motion to lift, but rather now threateningly appear to be insisting on non-productive motion practice:

A.      "Oscar Stilley Mar 10, 2024, 9:23 PM (10 hours ago) to me, Frank, James, Suyash, Lindsay, Rick, Ruth, Ruth

Dear Frank: I thought Gomez was perhaps going to have a lucid interval. Clearly I was wrong. He seems to now confess that your office still has control over his multitude of civil cases, a conclusion he previously resisted with every fiber of his being. Who knows what his opinion might be tomorrow? Then again, I'm not sure I care what he thinks at a given moment in time.  Would you be so kind as to do the honors on a Motion to Abandon the Estate's Interest? Strictly at your convenience of course. I'm asking a favor. If he files his proposed motion on Monday, I'll explain to the Court what I see wrong with his thinking, within the time allotted by the rules. Thanks, Oscar"

B.      "On Mon, Mar 11, 2024, 9:06 AM Frank Kokoszka <trustee@k-jlaw.com> wrote [to Gomez and other 'interested parties']:

While I do not object to the relief requested- Relief from the Automatic Stay- there are numerous misstatements of facts and misrepresentations of the law in your draft motion that will necessitate me filing an objection to the Motion.

Sincerely,  Frank J. Kokoszka, Esq."

C.      "On Mon, Mar 11, 2024, 9:30 AM Frank Kokoszka <trustee@k-jlaw.com> wrote [to Gomez]:

You were present remotely at last week's hearing, where I informed Judge Goldgar that I intended to file a Motion to Abandon and he responded, "that would

2

take care of the problem." Yet, you continue to state that the asset is fully exempt, and I cannot administer it..." (non-impartial comments denigrating Gomez's retirement excluded, for the moment).

5.   The Stilley note makes clear Stilley intends to attempt to continue using the 7th Circuit, and now this Court, for personal purposes including trying to brief a moot case, where this Court already indicated the futility of a motion to abandon, and thus Stilley is attempting to have waste committed as to Gomez and the bankruptcy.  Gomez has been and continues to be excluded by various entities from communications attempting to control Gomez's cases, a status to be addressed shortly given the property being discussed is not anyone's but Gomez.

6.   Contrary to Stilley's baseless assertion, Gomez is not changing his position, and does not "confess" anything of the sort as suggested by Stilley.  Gomez believes the exchange is entirely inappropriate, when the services requested from Kokoszka, if successful and allowed by USCA7 requires Gomez to continue to be subjected to Braid's frivolous lawsuit as a Defendant/Appellant, and prevented from seeking redress for what was done as a future Plaintiff.

7.   Kokoszka declined to identify whatever it is in this motion he had concerns with, as did Stilley, instead both combined to attack Gomez "lucidity" and recollection as to what His Honor stated from the bench, as evidenced from the excerpts above (and indicating a lack of impartiality, in Gomez's opinion, on Kokoszka's part).

Contrary to Kokoszka's assertion that this Court indicated Kokoszka should file a motion to abandon, Gomez recalls the 3.4.24 hearing differently, and while Kokoszka did bring up a motion to abandon, Gomez recalls making the point that "abandonment" had already occurred, and regardless the USCA7 was not looking for a motion to abandon, but rather a motion to lift, and His Honor seemed to indicate Gomez's motion to lift was the appropriate route, not a motion to abandon (transcript to be obtained).

8.      The matter is 22-2815 100% mooted by the fact Braid can never be sued for the
abortions he inadvisably asserts he performed, but only after Gomez forced Braid
to successfully defend where Braid falsely claimed he could not, and where the
Amici brief admits that removal to the district court, in Texas, was the proper
move if direct defense was not going to occur.  There is nothing to abandon, as the
matter no longer exists as an Article III case or controversy.

9.      Gomez is entitled to relief from the automatic stay, to the extent it even applies
here, pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) is met because 22-2815 is of
no value to the estate, is a burden, is exempt, is not needed for administration of
the estate, and per law is not available for the trustee or anyone else to
administer, being outside the estate by way of *Fulton* and the Code.

10.     Gomez also files this motion without conceding the position that the stay itself
should not apply by rule, and is of the opinion there is no need to lift a stay on
property that is not part of the estate.

11.     To the extent there is any stay remaining, let alone in the first place, as to the
appeal 22-2815, Gomez seeks only modification, not full lift, to allow Gomez to
move the USCA7 to dismiss that matter as moot (the 4th COA decision that there is
no standing under SB8 rendering USCA7 without Art. III case or controversy
jurisdiction), and to allow Braid et al to respond to that motion.

12.     Gomez is NOT seeking relief to allow anyone to brief 22-2815 further, unless that
Court elects not to determine mootness by way of the motion Gomez is seeking
leave here to file in USCA7, in which event Gomez would seek further leave from
the stay as to briefing, if termination based on Gomez's motion to dismiss is not
forthcoming, and USCA7 insists on a full lift and proceeding with briefing a moot
case and forcing Gomez to write an entire Brief where the decision itself operates
as a matter of law to moot Braid's frivolous lawsuit and appeal.

13.     To the extent needed, Gomez also seeks modification to allow Gomez and the

4

21cv5283 to proceed as needed in that matter to address occurrences therein outside of the core (knowingly false) claims in 21cv5283 that Braid could not defend in Texas, which counter and consequential claims of Gomez against Braid et al, for, inter alia, the false assertions in inability to defend, the meritless federal litigation, and the related improper application for the eventually dissolved TRO, were, and are exempt, at least as of 12.29.23.

14.   Attachment B hereto contains the service list for this motion.

14.5.  As to Gomez Fee waiver request, Gomez attests under penalty of perjury that he is on SNAP  and fixed income of 1,586 per month, as set forth in Dkt. [5] (as amended re COL for SS)

15.   WHEREFORE, Gomez prays for an Order from the Court:

A.   GRANTING Gomez, and the Braid parties, including Stilley and Amici ("Braid parties"), a modification of the stay, to allow Gomez to move the USCA7 to dismiss that matter as moot (rendering USCA7 without Art. III case or controversy jurisdiction), and to allow Braid et al to respond to that motion, NOT to brief that matter further.

B.   GRANTING the Braid parties leave to engage in post-dismissal litigation, including necessary activity in 22-2815 and 21cv5283, as may be needed to address claims, causes of actions, sanctions, etc., and fully close both those matters.

C.   GRANTING Gomez a waiver of the $199 filing fee based on Gomez indigency and lack of assets of value of record (See Dkt. at [5]).

Date: 3.11.24  Respectfully submitted, *s/Felipe N Gomez, Pro Se*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this date, an electronic copy of the foregoing Motion and Attachments, was filed with the Clerk of Court for the United States Bankruptcy Court and that service will be accomplished on all appearing parties by the appellate CM/ECF system, as well as by email by Gomez of a file stamped copy to all parties appearing in the Bankruptcy or adversary proceedings, as listed in Attachment B hereto.

Averred on 3.11.24 by: *s/ Felipe Nery Gomez*

Felipe N Gomez
PO 9263
Lombard, IL 60148
312.509.2071

## ATTACHMENT A

## GOMEZ AFFIDAVIT

Form G-4

# REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) _____ Felipe N Gomez _____ Case No. __ 23B3023 __ Chapter __7__

All Cases: Moving Creditor _____ Felipe N Gomez _____ Date Case Filed __3.7.23__

Nature of Relief Sought: ☐ Lift Stay     ☐ Annul Stay     ☑ Other (describe) __Modify re CA7 Appeal #22-2815__

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
　　　　　 ☑ No-Asset Report not Filed, Date of Creditors Meeting _____10.18.23_____

1.　Collateral
　　a.　☐ Home
　　b.　☐ Car   Year, Make, and Model _____ intet _____
　　c.　☑ Other (describe) __None, Movant seeks dismissal of appeal Braid v Gomez, 22-2815__

2.　Balance Owed as of Petition Date   $ _____0_____
　　Total of all other Liens against Collateral $ _____0_____

3.　In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4.　Estimated Value of Collateral (must be supplied in *all* cases) $ _____0_____

5.　Default (N/A)
　　a.　☐ Pre-Petition Default
　　　　 Number of months _____     Amount $ _____

　　b.　☐ Post-Petition Default
　　　　 i.　☐ On direct payments to the moving creditor
　　　　　　 Number of months _____     Amount $ _____

　　　　 ii.　☐ On payments to the Standing Chapter 13 Trustee
　　　　　　 Number of months _____     Amount $ _____

6.　Other Allegations
　　a.　☐ Lack of Adequate Protection  § 362(d)(1)
　　　　 i.　☐ No insurance
　　　　 ii.　☐ Taxes unpaid     Amount $ _____
　　　　 iii.　☐ Rapidly depreciating asset
　　　　 iv.　☐ Other (describe) _____

　　b.　☐ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

　　c.　☑ Other "Cause" § 362(d)(1)
　　　　 i.　☐ Bad Faith (describe)_____
　　　　 ii.　☐ Multiple Filings
　　　　 iii.　☑ Other (describe) _____Waste (Moot Appeal is Burden on Debtor s Estate)_____

　　d.　Debtor's Statement of Intention regarding the Collateral
　　　　 i. ☐ Reaffirm  ii ☐ Redeem  iii. ☐ Surrender  iv. ☑ No Statement of Intention Filed

Date: _____3.9.24_____     _____ s/Felipe N Gomez, Pro Se _____
　　　　　　　　　　　　　　　　　　　　　　Counsel for Movant

(Rev. 12 /21/09)

*And allow Gomez to pursue sanctions/damages in 22-2815 and

7

## ATTACHMENT B

## SERVICE LIST
### (By Email per CM/ECF and Gomez)

Suyash Agrawal, Attorney
Leslie Bruce, Attorney
Mr. David L. Franklin, Attorney
Lindsay Harrison, Attorney
Marc A. Hearron, Attorney
Mr. Richard W. Hess, Attorney
Ms. Abigail C. Noebels, Attorney
Mr. Michael Radzilowsky, Attorney
Oscar A. Stilley
Alethea Anne Swift, Attorney
Frank Kokoszka
Jeffery Heftman
James Hultquist
Adam Brief (by CM/ECF only, not by Gomez)
Patrick Lying (by CM/ECF only, not by Gomez)