**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Felipe Nery Gomez, | ) | Case No. 23 B 03023 |
| | ) | |
| Debtor. | ) | Hon. Michael B. Slade |
| | ) | |

**MEMORANDUM OPINION DENYING DEBTOR'S REQUEST TO WAIVE THE
APPELLATE FILING FEE (DKT. NO. 395)**

Pro se debtor Felipe Nery Gomez asks me to waive the filing fee for another appeal. (Dkt. No. 395) Mr. Gomez claims that he should not have to pay the $298 filing fee because "I am retired, have no employment, and my Bankruptcy Trustee claims he owns all that is or was mine." (*Id.* at 2) To the extent Mr. Gomez is asking me to waive the appellate filing fee under 28 U.S.C. § 1930(f), his application is denied. To the extent 28 U.S.C. § 1915(a) might apply to this application, Mr. Gomez's request is referred to the district court with a certification under 28 U.S.C. § 1915(a)(3) that the appeal was not taken in good faith. My reasons follow.

I.

Mr. Gomez, who practiced law for many years, is no longer acting as an attorney. But to say he has remained litigious would be an understatement. On March 7, 2023, he filed this case under Chapter 7 of the Bankruptcy Code. (Dkt. No. 1) His bankruptcy case should have been a straightforward matter resolved long ago. Instead, in the 20 months between the filing of this Chapter 7 case and my appointment to the bench in November 2024, this case became a sprawling mess—as of June 23, 2025, it contains more than 420 entries on the bankruptcy docket and has spawned at least 12 adversary proceedings involving disputes between Mr. Gomez and the Chapter 7 Trustee, the United States Trustee, and various other parties. *See* Bankr. Case No.

1

23-03023; Bankr. N.D. Ill. Adv. Proc. Nos. 23-00089, 23-00097, 23-00103, 23-00371, 23-00378, 24-00116, 24-00152, 24-00165, 24-00167, 24-00177, 24-00180, 25-00014.

Mr. Gomez has also filed at least 13 appeals from various orders entered in his bankruptcy case and related adversary proceedings (and paid the filing fee in none). Mr. Gomez's appeals have been assigned to 10 different district court judges and (thus far) none have been successful for him. While all litigants deserve due process and access to justice, Mr. Gomez's myriad motions, complaints, and appeals have exhausted a substantial and disproportionate sum of judicial resources. He has received due process in this (voluntary) case—and then some.

A recent Northern District of Illinois order on one of Mr. Gomez's appeals "not[ed] with no shortage of frustration that [Mr. Gomez's] appeal is part of a pattern of frivolous filings made in state, federal, and bankruptcy court" and advised Mr. Gomez that, because "[t]hese frivolous appeals consume precious judicial resources and place an undue burden on opposing parties," the court put him "on notice that he may be subject to sanction under Federal Rule of Civil Procedure 11 for any future frivolous filings before the Court, including striking of the motion and dismissal of the case." *Gomez v. Kokoszka,* No. 25-cv-990, N.D. Ill., Dkt. No. 26 (April 11, 2025) (Coleman, J.); *see also Gomez v. Brief,* No. 24-cv-1216, N.D. Ill., Dkt. No. 4 (Feb. 21, 2024) (Jenkins, J.) (denying leave to proceed *in forma pauperis* because the appeal was "frivolous"). Yet nine days after receiving this admonition from Judge Coleman, Mr. Gomez filed yet another appeal, this time from two other Orders entered in the bankruptcy case. (Dkt. No. 393, Notice of Appeal (filed April 20, 2025)) That appeal was assigned to Judge Tharp and captioned *In re Gomez v. Brief,* et al., 25-cv-4319 (N.D. Ill.). And it is for this most recent appeal that Mr. Gomez now asks that I waive the appellate filing fee (the "IFP Petition").

2

As with many of Mr. Gomez's past appeals, I see no merit to this one,[1] and further do not see the relevance of either issue on appeal to anything remaining in Mr. Gomez's Chapter 7 case. Indeed, since this latest notice of appeal was filed, Mr. Gomez formally waived the possibility of discharge in writing (Dkt. No. 405, Attachment A), and I entered an order approving his waiver of discharge and deeming the discharge waived. (Dkt. No. 407) The Order approving Mr. Gomez's waiver of discharge was *not* appealed, and the appeal period has passed. Accordingly, as discussed in that Order, Mr. Gomez's waiver of discharge is "final and forever." (*Id.*)

Because Mr. Gomez's case has largely been administered and he has waived discharge, this Chapter 7 case is likely on the precipice of being closed. The Chapter 7 Trustee has advised that he will submit to the U.S. Trustee his final report within 30 days, where he will certify that all assets have been liquidated and propose to distribute estate funds under the priority scheme of the Bankruptcy Code. After U.S. Trustee review, the final report will be filed and a hearing on it will be noticed to creditors. Once any objections are resolved, the Chapter 7 Trustee will make the proposed distributions, followed by a final accounting and a closing of the case.

The Orders Mr. Gomez now seeks to appeal were correct when entered and are irrelevant to the few matters remaining in this Chapter 7 case. So it is hard to see how permitting Mr. Gomez to appeal two more Orders without paying the $298 appellate filing fee—requiring at least one (likely two) appellate courts to consider and rule substantively on them—is justified. Mr. Gomez has offered no clarity on that point, either in his pleadings or orally in court.

---

[1] Any further consideration of the relief Judge Coleman suggested would occur in the District Court. Any court contemplating a sanction would also likely consider that, while in practice, Mr. Gomez was disciplined multiple times, including being suspended from practicing in the states of Illinois and Wisconsin and in the U.S. District Court for the Northern District of Illinois. *See In re Gomez*, 829 F. App'x 136, 137 (7th Cir. 2020); *Gomez v. Wis. Off. of Law. Regul.*, No. 23-CV-555, 2024 WL 4240339, at *2 (W.D. Wis. Sept. 19, 2024); *In re Felipe Nery Gomez*, 2020 PR 00064, M.R. 032156 (Ill. Sept. 21, 2022); *Matter of Disciplinary Proc. Against Gomez*, 409 Wis. 2d 242, 243-45 (Wis. Nov. 2, 2023); *see also* Dkt. No. 420, Order Granting Gomez's Motion for Judicial Notice (listing Mr. Gomez's known bar suspensions).

II.

To begin, here is what the Orders addressed in Mr. Gomez's current appeal are about:

First, early in this Chapter 7 case, Mr. Gomez—like all Debtors—was obligated to testify under oath at a meeting of creditors pursuant to 11 U.S.C. § 341. After first refusing to do so and challenging the Chapter 7 Trustee's authority to administer the oath at the outset of the meeting (an argument rejected in court orders signed by my predecessor and a state court judge), Mr. Gomez testified. A year later, he filed a motion before me, asking that his Section 341 meeting be declared "void" because (again) he disputed the Chapter 7 Trustee's authority to administer the oath. (Dkt. No. 370) I denied this motion because it violated: (1) the law of the case doctrine; (2) principles of issue preclusion; and (3) the text of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. (Dkt. No. 388, Order Denying Motion to Void 341 Meetings)

In a "Preliminary Jurisdictional Statement" at the bottom of the IFP Petition, Mr. Gomez says the following about his appeal from this Order: "Federal Law cannot supplant substantive State Law as to areas the State exclusively regulated, including Notary and Oath giving, thus the Order is void in/ error as it violates Dobbs v. Jackson Women's Health Organization, 597 U.S. 215, attempting to supplant Federal Law for State Law, where State Law provides substantive rights based on the Illinois Constitution the Federal Law does not (oath to God vs affirmation not including God)." (Dkt. No. 395, at 2) This argument ignores the fundamental problems he faces, namely law of the case (given my predecessor's rejection of the argument) and preclusion (given that Mr. Gomez lost a state court lawsuit in which he made the same argument). And the one case cited, *Dobbs*, has no relevance to the issue presented.

4

Mr. Gomez also seeks to burden appellate courts with yet another appeal—again without paying the filing fee—without offering any clarity about *why* the issue on appeal is still germane. Given that Mr. Gomez chose to waive any discharge (Dkt. Nos. 405, 407), I held a hearing on this IFP Petition on June 16, 2025, and asked Mr. Gomez to explain why his complaints about the oath administered at his Section 341 meeting still mattered (in other words, why the appeal from this order was not moot).  Mr. Gomez was unable to articulate a cogent reason; he said there were "many reasons" he was continuing this appeal and that "in part" this appeal was "prophylactic" to protect a future lawsuit he intended to file in the District of Columbia.  But Mr. Gomez could not explain why his waiver of discharge and the present status of this Chapter 7 case did not moot his problems with the 341 meeting.  I cannot think of a reason either.[2]  Where there will be no discharge, the continuing relevance of a 341 meeting that occurred more than a year ago is unclear at best.  If the 341 meeting was "voided" on the grounds Mr. Gomez urges, the U.S. Trustee would be required by statute to convene a new 341 meeting (*see* 11 U.S.C. §§ 341(a), 343), the result of which is unlikely to affect the case, Mr. Gomez, or any other party in interest.  I have no reason to believe a new examination would change the distribution scheme, and even if assets or liabilities do exist that were not discovered previously, the waiver of discharge means that no creditor would have been adversely affected by that oversight.

---

[2]   The 341 meeting (named after 11 U.S.C. § 341) is an "administrative examination for the benefit of creditors and trustees."  *In re Clemmons*, 151 B.R. 860, 862 (Bankr. M.D. Tenn. 1993).  It is a fact-finding vehicle for a trustee to discover the assets and liabilities of the bankruptcy estate, and the existence of any reason to object to discharge.  The meeting helps to ensure that any discharge is appropriate.  *In re Vilt*, 56 B.R. 723, 724–25 (Bankr. N.D. Ill. 1986) ("[T]he 341 meeting allows the creditors to engage in free discovery of the debtor on issues such as the debtor's discharge and the dischargeability of debts owed to creditors. It also allows the trustee to inquire about any possible recoveries under the avoiding powers."); *see also In re Argon Credit, LLC*, 574 B.R. 684, 691 (Bankr. N.D. Ill. 2017) (in cases where there is no discharge, "the only real purpose of the examination is to uncover the condition of the estate so that the trustee may know 'its extent and whereabouts . . . [so] that the rights of creditors may be preserved'" (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)); 3 COLLIER ON BANKRUPTCY ¶ 341.02[5][d] (16th ed. 2025) ("The purpose of the examination is to make a determination as to whether assets have been concealed, whether there has been any improper disposition of assets, whether a chapter 7 debtor's case might be considered an 'abuse' under section 707(b), or if there are grounds for objections to exemptions or to discharge.").

Second, Mr. Gomez seeks to appeal an Order denying his motion for civil contempt and sanctions against his litigation opponent. (Dkt. No. 389) It is hard to justify waiving the filing fee for that appeal too. As the briefing on that motion demonstrates, during the discharge-related litigation, the Chapter 7 Trustee's counsel called Mr. Gomez "Pedro" (thinking of a well-known baseball journalist, Pedro Gomez) instead of "Felipe" in an internal email that was inadvertently forwarded to Mr. Gomez. Mr. Gomez complained, and the Chapter 7 Trustee and his counsel immediately apologized, in writing. Yet Mr. Gomez filed a motion claiming the slight to be racially motivated and asking for a medley of relief including a stay of proceedings, a "mistrial," and sanctions. (Dkt. No. 385 at 8–9) As there were no indicators of bias, I denied the motion, finding that "in litigation as in baseball, errors happen" and that no sanctions were appropriate for what I saw as a good faith mistake. (Dkt. No. 389) It is hard to see an appeal from that decision succeeding. *See, e.g.*, *Mullen v. Butler*, 91 F.4th 1243, 1251 (7th Cir. 2024) (reviewing decision to award sanctions only for an abuse of discretion, and the factual findings only for clear error); *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019) (same).

III.

In *United States v. Kras*, the Supreme Court rejected the argument that debtors have constitutional rights to proceed in bankruptcy without paying statutory fees. 409 U.S. 434, 440, 446–47 (1973) (holding that the statutory fee requirements applicable to bankruptcy cases do not violate any due process or equal protection rights). And "[w]hen the Bankruptcy Code was enacted in 1978, Congress essentially codified the holding of *Kras* in 28 U.S.C. § 1930(a), which sets forth the filing fees for commencing bankruptcy cases." *United States v. Merritt (In re Merritt)*, 186 B.R. 924, 928–29 (Bankr. S.D. Ill. 1995). Following *Kras*, in forma pauperis bankruptcy filings were not available at all until 1994, when Congress enacted a 3-year pilot

6

program in certain jurisdictions, *id.*, and then not widely available until Congress added subsection (f) to 28 U.S.C. § 1930 in 2005.  1 COLLIER ON BANKRUPTCY ¶ 9.05 (16th ed. 2025). Though Congress made fee waivers available in bankruptcy proceedings, it conditioned that availability on meeting requirements determined by the Judicial Conference, *see* 28 U.S.C. §§ 1930(f)(1) & (f)(3), confirming that indigent parties do not have an unqualified right to fee waivers.

Section 1930(a) of the Judicial Code sets the fees for initiating bankruptcy cases.  28 U.S.C. § 1930(a).  Section 1930(b) then authorizes the Judicial Conference to prescribe "additional fees."  28 U.S.C. § 1930(b).  The Judicial Conference has done so in what is called the "Bankruptcy Court Miscellaneous Fee Schedule," available on the U.S. Courts website, https://www.uscourts.gov/court-programs/fees/bankruptcy-court-miscellaneous-fee-schedule. Paragraph 14 of the Schedule assesses a $293 fee "[f]or filing an appeal or cross appeal from a judgment, order, or decree."[3]

Section 1930(f)(1) permits the court to waive the initial filing fee in a Chapter 7 case for a debtor with income less than 150% of the "income official poverty line." 28 U.S.C. § 1930(f)(1).  Section 1930(f)(2) then says that the court "may waive for such debtors [whose initial filing fee was waived] other fees prescribed under subsections (b) and (c)."  Because Mr. Gomez's initial filing fee was waived, he is eligible to have the fee waived for his appeals.  But section 1930(f)(2) says that the court "may" waive fees, not that it must.  Waiving the appeal filing fee is discretionary.  *See, e.g.*, *Yelverton v. De Nagy-Unyom (In re Yelverton)*, Adv. Pro. No. 12-10011, 2013 WL 1912655, at *1 (Bankr. D.D.C. May 9, 2013); *In re Ayers*, No. 13-62672, 2015 WL 1133441, at *2 (Bankr. N.D. Ohio Mar. 12, 2015); *In re Ray*, No. 16-40111, 2016 WL

---

[3]   The total fee paid by an appellant is $298, including the incremental $5 fee collected under 28 U.S.C. § 1930(c) when a notice of appeal is filed.

3211449, at *3 (Bankr. S.D. Ga. June 1, 2016) ("[I]t is within the court's discretion to consider not only whether the debtor can pay but also whether the debtor should pay."); *Gutierrez v. Or. Dep't of Corrs. (In re Gutierrez)*, Adv. Pro. No. 20-06023, 2021 WL 2908142, at *2 (Bankr. D. Idaho July 9, 2021) (fees "may be waived, in the discretion of the court" *quoting* 4 Guide to Judiciary Policy, ch. 8, § 820.40 (*available at* https://www.uscourts.gov/sites/default/files/2024-12/guide-vol04-ch08-2.pdf) (the "GJP") (last visited June 24, 2025)).

While the GJP advises courts to consider "the totality of the circumstances" in evaluating filing fee waivers, it offers no specific guidance for the present situation—*i.e.*, a debtor who received a filing fee waiver and is now seeking a waiver of another fee.  (*See* GJP § 820) Nonetheless, because this appeal is in my view frivolous and neither challenge advanced has a basis in law, the fee to file it cannot be waived.  *See In re Yelverton*, No. 09-00414, 2013 WL 5290447, at *4 (Bankr. D.D.C. Sept. 19, 2013) (stating that the discretionary authority granted under § 1930(f) "is obviously abused when the bankruptcy court waives a fee for pursuing a frivolous appeal"); *In re Yelverton*, No. 09-00414, 2013 WL 5746128, at *1 (Bankr. D.D.C. Oct. 23, 2013) (explaining that to obtain a waiver, "an appellant must identify an issue she would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith)").  I also do not see the point of this latest appeal.  As described above, Mr. Gomez has since waived his discharge—the major point of contention in this Chapter 7 case.  Neither of the issues that Mr. Gomez seeks to press in this appeal will affect the few remaining matters in the Chapter 7 bankruptcy case or his (or any other party's) rights.  Mr. Gomez could not articulate upon request precisely *why* the appellate courts should spend the time and effort necessary to rule on this appeal, and I cannot think of a reason either.  Therefore, to the

8

extent Mr. Gomez seeks a waiver of the appellate filing fee under section 1930, his request will be denied.

## IV.

To the extent 28 U.S.C. § 1915 applies to Mr. Gomez's request, his application will be referred to the district court with a certification under section 1915(a)(3) that this appeal was not taken in good faith.

Section 1915(a)(1) permits "any court of the United States" to authorize the prosecution of "any suit, action or proceeding . . . or appeal therein, without prepayment of fees."  28 U.S.C. § 1915(a)(1).  An applicant seeking relief under Section 1915 must submit an affidavit describing his or her assets.  *Id.*  The affidavit must also "state the nature of the . . . appeal" and the "affiant's belief that [he] is entitled to redress."  *Id.*  And Section 1915(a)(3) is explicit that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

Some circuits hold that a bankruptcy court lacks the authority to waive fees under section 1915(a)(1) because, so the argument goes, it is not a "court of the United States" for purposes of Title 28.  *See Wallin v. Martel (In re Martel)*, 328 F. App'x 584, 586 n.1 (10th Cir. 2009); *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992); *cf. In re Richmond*, 247 F. App'x 831, 832 (7th Cir. 2007) (noting the issue but deciding to "leave [it] for another day").[4] But unlike section 1915(a)(1), section 1915(a)(3) refers to "the trial court," not a "court of the

---

[4]   Mr. Gomez's IFP Petition did not cite any statute under which he believes he is entitled to a waiver of the filing fee, so I assume he is asking for relief under either 28 U.S.C. § 1930 or 28 U.S.C. § 1915.  After Mr. Gomez filed his IFP Petition, he filed another motion (Dkt. No. 414) asking me to take "judicial notice" of what he claimed was a directive from the Administrative Office of U.S. Courts that bankruptcy courts should only use section 1930 and never use section 1915 to evaluate fee requests.  The "directive" Mr. Gomez appears to be referring to is the Guide to Judiciary Policy, which says no such thing.  (GJP § 820)  Regardless, I have used section 1930 to evaluate the IFP Petition, and for the reasons stated above added my view on the proper result *if* section 1915 also applies.

United States, and a bankruptcy court certainly is a "trial court." Thus, many bankruptcy courts have considered applications to waive filing fees under section 1915 and rejected them where, as here, the bankruptcy court believed the appeal to be frivolous on the merits.[5] I would do the same here if section 1915 provided fee waiver authority, but even assuming that I lack authority to waive appeal fees under section 1915, I can certify that an appeal is not taken in good faith for purposes of the district court's evaluation of the waiver application. *See, e.g., Knutson v. Price (In re Price)*, 410 B.R. 51, 58 (Bankr. E.D. Cal. 2009); *In re Odam*, No. 17-50035-RLJ-7, 2018 WL 1070864, at *2-3 (Bankr. N.D. Tex. Feb. 22, 2018) (certifying that appeal was not taken in good faith). Indeed, "the Article III judge presented with an in forma pauperis request will want to know whether the bankruptcy trial judge has made, or intends to make, a trial court's § 1915(a)(3) certification." *Price*, 410 B.R. at 58.

For the reasons described above, I thus certify that, to the extent I am authorized to waive the filing fee for Mr. Gomez's appeal under section 1915(a)(3), I decline to do so because I believe that Mr. Gomez's April 20, 2025, Notice of Appeal was not filed in good faith. Mr. Gomez seeks to appeal two Orders that are plainly correct and in any event are immaterial to any matters remaining in this Chapter 7 case.

V.

In sum, for the reasons stated here, to the extent Mr. Gomez requests a waiver of the appellate filing fee under 28 U.S.C. § 1930(f), his application is denied. To the extent 28 U.S.C.

---

[5]   *See, e.g., Heghmann v. Indorf (In re Heghmann)*, 324 B.R. 415, 420–21 (1st Cir. BAP 2005) (rejecting motion to waive filing fee for debtors' appeal where they were "attempting to relitigate [] State Court proceedings" and "examining . . . the merits of the appeal to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact."); *Lu v. Ravida (In re Ravida)*, 296 B.R. 278, 282–83 (1st Cir. BAP 2003) (rejecting pro se litigant's request to waive the appellate filing fees, noting that the movant had already filed 12 prior meritless appeals from his eviction in the bankruptcy case and that the appeal was frivolous); *Merritt*, 186 B.R. at 931, 934 ("Although no court likes to pass upon the correctness of its own decisions, a trial court must nevertheless deny in forma pauperis relief on appeal when it is convinced that there is no substantial question for review and that an appeal would be futile.")

10

§ 1915(a) is applicable, Mr. Gomez's application is referred to the district court, and this court

certifies that the appeal was not taken in good faith.  A separate order will issue.

Signed:   June 25, 2025               By:   _____

                                            MICHAEL B. SLADE
                                      UNITED STATES BANKRUPTCY JUDGE