UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FELIPE NERY GOMEZ, | ) | CASE NO. 23-03023 |
| | ) | |
| DEBTOR. | ) | HON. MICHAEL B. SLADE |
| | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S STATEMENT IN SUPPORT OF FINAL REPORT**

NOW COMES ADAM G. BRIEF, the Acting United States Trustee for the Northern District of Illinois (Acting U.S. Trustee), by and through his counsel, Joshua D. Greene, Trial Attorney, and submits his Statement in Support of the case trustee's Final Report. In support of this Statement, the Acting U.S. Trustee states as follows:

1. On August 11, 2025, the United States Trustee filed the Chapter 7 Trustee, Frank Kokoszka's Final Report [Dkt. 455]. On August 14, 2025, the Chapter 7 Trustee filed his application for compensation as Trustee and application for compensation on behalf of his firm, which are set for hearing on September 8, 2025 [Dkt. 457, 458]. The Chapter 7 Trustee also filed his Notice of Trustee's Final Report and Applications for Compensation. [Dkt. 459].

2. The Debtor filed a "Gomez Notice of Objections" to the Final Report and Fee Applications on August 18, 2025, arguing, in part, that the U.S. Trustee improperly filed the Final Report on behalf of the private trustee. [Dkt. 462]

3. On August 20, 2025, the court entered an order that: (1) required the chapter 7 trustee to file his final report on the docket; (2) set a briefing schedule on the chapter 7 trustee's final report and fee applications; (3) set a briefing schedule on Debtor's Motions to Abandon; (4)

1

ordered the chapter 7 trustee to file a supplement to the final report listing each of the Debtor's lawsuits and which ones are being abandoned. [Dkt. 464]

4.    The U.S. Trustee submits this Reply to address the Debtor's arguments in his Notice of Objections and to provide the court with additional background information to assist the court's ruling on the Final Report.

## Case Closing Procedures

5.    The case closing procedures utilized by the United States Trustee in all chapter 7 cases are set forth in the *Amended Memorandum of Understanding Between the Executive Office for United States Trustees and the Administrative Office of the United States Courts Regarding Case Closing and Post Confirmation Chapter 11 Monitoring dated April 1, 1999* (the "MOU"). A full copy of the MOU is attached hereto as Exhibit A and can be found online at: https://www.justice.gov/ust/rules-and-federal-register-notices/memorandum-understanding-regarding-case-closing

6.    Generally, with respect to Chapter 7 bankruptcy cases, the MOU provides that:

    (a)    the chapter 7 trustee shall submit the final report to the United States Trustee for review along with any proposed application for compensation and expenses (p.2, § II);

    (b)    the United States Trustee shall review the final report within 60 days of receipt and "*shall file the Final Report* or an amended Final Report, and Application for Compensation and Expenses with the clerk, noting that the report has been reviewed, at or before the end of the 60 day, if all deficiencies are resolved." (p. 4, § IV.A.)(emphasis added);

    (c)    in chapter 7 cases where there is no distribution, the case trustee shall submit a No Distribution Report ("NDR") to the United States Trustee within 60 days of the date of the meeting of creditors, or file the NDR with the Court and serve a copy on the United States Trustee within the same time period (p.5, § IV.B);

  (d) Upon filing of the Final Report, the court will send a notice to creditors pursuant to Fed. R. Bankr. P. 2002, which shall provide certain information regarding the estate, including the amount of money in the estate, the amount of compensation and expenses requested by the trustee, the name and approved amount of any claim that will share in the distribution, the date of any hearing or the procedure for filing an objection to the fees or the proposed distribution (p. 6, § V.A.2).

  (e) Upon filing of a Final Account, Certification that the Estate has been Fully Administered and Application for Discharge of trustee, and if within 30 days of that filing no objection has been filed by the United States Trustee or by a party in interest, the court shall enter an order closing the case pursuant to 11 U.S.C. §351 and Fed. R. Bankr. P. 5009 (p.7, §V.A.4)[1]

7. On August 11, 2025, the U.S. Trustee Trial Attorney sent an email to the Debtor notifying him of the MOU and attaching a copy of the MOU, along with a link to the website where the Debtor could find the public MOU. However, despite being provided with this information, the Debtor still objected to the Final Report.

8. The U.S. Trustee and the case trustee have followed the established and required procedure governing submission of the Final Report and related documents. As such, the court should approve the applications for compensation and overrule the Debtor's objections to the Final Report.

## Abandonment of Lawsuits

9. Additionally, the court ordered the case trustee to file a supplement to his final report listing each disclosed lawsuit one by one and stating whether the trustee intends to abandon or pursue each lawsuit. While the U.S. Trustee has no objection to the case trustee providing a detailed list of assets being abandoned given that the Debtor in this case is *pro se* and

---

[1] While not directly relevant in this case, the MOU does not require the bankruptcy court to enter a separate order approving a final report. Thus, in chapter 7 asset cases that do not involve litigation over the final report, the court would not enter a separate order approving the final report.

3

the substantial ongoing litigation between the Debtor and multiple parties, the U.S. Trustee believes that the original final report provided the necessary detail. As originally filed, the Final Report specifically disclosed on Form 2 the two lawsuits that were administered and that yielded funds for the estate. And by operation of law, all remaining scheduled assets are abandoned back to the Debtor and cannot be administered by the case trustee. For that conclusion the U.S. Trustee points to Section 554(c) of the Bankruptcy Code, which states that "[U]nless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

10. Thus, upon approval of the Final Report and subsequent closing of the case, all of the Debtor's lawsuits besides the two lawsuits that were administered will be abandoned to the Debtor. To the extent that any ambiguity arises in the future with respect to lawsuits that were not scheduled by the Debtor under Section 521 of the Bankruptcy Code, the consequences of such ambiguity will fall on the Debtor to resolve due to the failure to comply with the necessary disclosure requirements imposed upon all bankruptcy debtors.

RESPECTFULLY SUBMITTED:

ADAM G. BRIEF
ACTING UNITED STATES TRUSTEE

DATED: August 29, 2025

*/s/ Joshua D. Greene*
Joshua D. Greene, Trial Attorney
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
Tel. (202) 538-4834

4