## AMENDED MEMORANDUM OF UNDERSTANDING BETWEEN THE EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES AND THE ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS REGARDING CASE CLOSING AND POST CONFIRMATION CHAPTER 11 MONITORING

The purpose of this memorandum is to amend the Memorandum of Understanding (MOU) between the Administrative Office of the United States Courts (AO) and the Executive Office for United States Trustees (EOUST) regarding the responsibilities and procedures for the closing of cases and the monitoring of chapter 11 cases after confirmation. This amended MOU seeks to reflect changes in the rules governing bankruptcy procedure since the original MOU and further allocates responsibilities of the case trustee, United States Trustee, and clerk in the case closing process.

Obtaining and maintaining an adequate level of resources to fulfill the responsibilities of the MOU remains a challenge. The standards set forth are a foundation of proper administration of bankruptcy cases. All parties continue to be committed to this goal and the need to examine continually policies and procedures so that they can be improved. Accordingly, this MOU may be modified from time to time as necessary by written agreement between the parties.

Comments, questions, or problems regarding this memorandum and its implementation should be directed to the Working Group established by the AO and the EOUST.

I.     Background

Since enactment of the nationwide United States trustee program, Pub. L. 99-554 (1986), the AO and the EOUST meet periodically to discuss matters of mutual concern. Representatives of the bankruptcy courts and United States Trustees participate in those meetings. The purpose of the meetings is to delineate responsibilities and examine and improve procedures. The following factors have been established:

A.     The administration of a bankruptcy estate is entrusted to a private person, whether a trustee under chapters 7, 11, 12 and 13 of the Bankruptcy Code, or the debtor itself under chapter 11. As the degree of creditor participation in a chapter 7 liquidation case is often minimal, review by the United States Trustee of the manner a particular estate is being administered is important. Additionally, ensuring that chapter 11 estates have been fully administered, so that the court may close the case, is an important element of effective case administration.

B.     Pursuant to 28 U.S.C. § 586, the United States Trustee has the responsibility to appoint private trustees, oversee their performance, and generally supervise the administration of estates.

C.  Pursuant to 11 U.S.C. § 350, and 28 U.S.C. § 151 et seq., the court's responsibilities includes adjudicating disputes arising in a case and approving certain actions of debtors and trustees. Under 11 U.S.C. § 350, the court has the responsibility to close a case and discharge the trustee.

D.  Pursuant to 28 U.S.C. § 156(b) and Fed. R. Bankr. P. 5001, and 5003, the clerk of the court (clerk) is the recipient and repository of all court records. The clerk also assists the court in carrying out its duties.

E.  The court, the clerk, and the United States Trustee each have responsibility within the scope of their offices, to ensure that cases move expeditiously, efficiently and properly through the system.

F.  In March 1988 the Judicial Conference of the United States directed that clerks' offices not perform or duplicate the case closing review function performed by the United States Trustee. See Resolution of the Judicial Conference, Conf. Rpt. At pp 9-10 (March 1988).

G.  If a case trustee under chapter 7, chapter 12 or chapter 13 has filed a Final Report and Final Account and has certified that the estate has been fully administered, and no objection has been filed by the United States Trustee or a party in interest within 30 days, Fed. R. Bankr. P. 5009 provides that there shall be a presumption that the estate has been fully administered.

H.  In chapter 7 asset cases, prior to the filing of the Final Account and Certification that the Estate has been Fully Administered, the case trustee is to transmit to the United States Trustee a Final Report wherein the trustee details the administration of the estate, including the proposed dividend distribution. Effective August 1, 1993, Fed. R. Bankr. P. 3009 was amended to delete the requirement that the court approve the amounts and times of distributions in recognition of the role of the United States Trustee in supervising trustees and estates.

I.  Pursuant to 11 U.S.C. § 330, the court must approve the compensation and expenses of the trustee and that of any professional paid from estate funds. A case closing process encompassing both the approval of fees and expenses by the court, as well as review of the Final Report by the United States Trustee is desirable.

II.  Responsibilities of the Chapter 7 Case Trustee

A.  Submission of the Final Report - The case trustee shall submit to the United States Trustee a Final Report. The Final Report is the pre-distribution summary of all actions taken by the chapter 7 case trustee to administer the case and a summary of the creditor and administrative claims outstanding at the time of submission to the United States Trustee. It is a signed statement by the trustee, submitted under penalty of perjury, certifying that all assets have been liquidated

or properly accounted for and that funds of the estate are available for distribution.  Prior to the submission of the Final Report, the trustee shall have ensured that the claims review process is completed, including, if necessary, the completed adjudication by the court of any disputed claim.

The Final Report shall consist of a) the Individual Estate Property Record and Report (United States Trustee Form 1);  b) the Cash Receipt and Disbursement Record (United States Trustee Form 2); and c) the proposed dividend distribution report. A proposed Notice of the Final Report and the Application for Compensation and Expenses, in a format similar to that set forth on either Attachment A or Attachment B, shall also be submitted.

With the Final Report, the trustee shall submit to the United States Trustee a) the application or previously entered order of court for trustee compensation and reimbursement of expenses; b) the applications or orders of court for compensation and expenses for all professionals retained by the trustee; and c) appropriate financial documentation relating to the estate to support the Final Report. The applications submitted are to be drawn in accordance with the Guidelines promulgated by the Executive Office for the United States Trustees.

B.   Distribution of Estate Dividends - If the court awards compensation and expenses as provided in the Notice of the Final Report and the Application for Compensation and Expenses and the United States Trustee has approved the Final Report, upon entry of the compensation and expense order, the case trustee shall commence payment of dividends in accordance with the reviewed dividend distribution report. If,  however, the court modifies the fees and expenses, the trustee shall not make distribution of dividends until the revised dividend distribution report has been reviewed by the United States Trustee.  The payment of the final compensation and expenses shall not be made prior to the payment of the final dividends to creditors and in no event shall the final dividend to creditors be paid later than 30 days after the entry of the final order on compensation and expenses.

C.   Submission of the Final Account, Certification that the Estate has been Fully Administered, and Applications to be Discharged - Within 125 days after the entry of the order of court allowing compensation and expenses, the case trustee shall submit to the United States Trustee a Final Account, Certification that the Estate has been Fully Administered, and Application for Discharge pursuant to Fed. R. Bankr. P. 5009.  The Final Account is the trustee's post distribution statement and includes a certification, submitted under penalty of perjury, that all funds have been disbursed consistent with the dividend distribution report and that all checks have been negotiated, or any remaining estate monies have been paid into court, and that the estate has been fully administered.  The case trustee shall submit to the United States Trustee all necessary financial documents to support the Final Account.

III.   Responsibilities of Standing Trustee - Within 150 days of the final distribution to creditors in a chapter 12 or 13 case, the standing trustee shall file with the court, pursuant to Fed. R. Bankr. P. 5009, the Final Account, the Certification that the Estate has been Fully Administered, and an Application for Discharge.

IV.   Duties of the United States Trustee in Case Closing - The United States Trustee shall undertake the following efforts with regard to case closings in chapters 7, 12 and 13 cases.

   A.   Review of chapter 7 asset reports - The United States Trustee shall review within 60 days of receipt all Final Reports in chapter 7 asset cases utilizing the following procedures:

   The United States Trustee shall conduct a thorough review of all asset case reports. This process involves the determination that all assets in the estate were properly administered (i.e., examination of exemptions, abandonments, sales, or other liquidations). All reports shall be reviewed to ensure the inclusion of court orders approving employment, payment of compensation, sales (if applicable) and other actions taken by the trustee in the case. All compensation and expense reimbursement requests filed on behalf of the trustee or other professionals or agents will be reviewed for compliance with the Bankruptcy Code, Rules and the Fee Guidelines. All calculations in the trustee's Final Report, including the calculation of the trustee's fee and proposed dividend to creditors, will be reviewed for accuracy. Based upon a review of case documents received by the United States Trustee, a determination will be made that the trustee has reviewed and properly dealt with all claims. The United States Trustee will rely on the trustee's certification that all claims have been reviewed. If deemed necessary by the United States Trustee, the trustee's certification will be verified by further review of the documents on file with the clerk. Deficiencies in the trustee's administration or other problems or mistakes will be brought to the trustee's attention for corrective action.

   The United States Trustee shall file the Final Report or an amended Final Report, and Application for Compensation and Expenses with the clerk, noting that the report has been reviewed, at or before the end of the 60 day , if all deficiencies are resolved. If the case trustee does not agree with the United States Trustee's position that the report is deficient, the United States Trustee shall file the Final Report with the clerk within 60 days of receipt, indicating the objection of the United States Trustee to the Final Report The United States Trustee shall also file any objection to the Application for Compensation and Expenses and may combine the objection to the Final Report and to the Application in one document.

   If the court orders compensation and expenses in an amount different from the trustee's application, the United States Trustee shall review the trustee's revised dividend distribution report within 10 days of receipt and return it to the trustee noting that is has been reviewed.

With regard to the Final Account, Certification that the Estate has been Fully
Administered and Application for Discharge, Fed. R. Bankr. P. 5009 places
responsibility on the case trustee to certify that the estate has been properly
administered, including documenting the disposition of assets, expenditures,
review of claims and final distribution.  Although it shall be the United States
Trustee's responsibility to see that adequate procedures are in place to ensure an
effective and efficient case closing procedure, the United States Trustee is not a
guarantor or insurer of the work performed by the case trustee.  Rather, the United
States trustee  shall review the trustee's  final account for accuracy and upon
completion of the review and the correction of any deficiencies, the United States
trustee will file within 30 days of receipt, the  Final Account, Certification that the
Estate has been Fully Administered, and Application for Discharge of the trustee
with the court, and shall provide the following statement: "The United States
Trustee has reviewed the Final Account, Certification that the Estate has been
Fully Administered and Application for Discharge of the trustee in accordance
with the standards set forth in the MOU dated (........) and has no objection to the
trustee's certification that the estate has been fully administered and is ready to
close."

B.      Review of chapter 7 no asset cases -  the case trustee  shall submit a No
Distribution Report (NDR) to the United States Trustee , within 60 days of the
meeting required by 11 U.S.C. § 341(a) or file the NDR with the Court and serve
a copy on the United States Trustee within the same time period.  The NDR
constitutes the Final Report and Final Account in an estate where the case trustee
has determined that there are no assets to administer.  If the original NDR has
been submitted to the United States Trustee then the United States Trustee shall
file the NDR with the court within five days of receipt.

Because of the nature and volume of no asset cases, a detailed review of each case
is not feasible.  The United States Trustee's review will be based on an evaluation
of a random sample of  NDRs submitted by each trustee.  Within 30 days of the
filing of the NDR, the United States Trustee will, in those cases selected  review
the schedules  to determine that all assets listed were properly exempted or of no
value to the estate.  If it appears that assets were available for liquidation,  the
record of the section 341 meeting  will be reviewed to see if it explains the failure
to liquidate assets.  If the information is not adequate, the trustee will be required
to provide an explanation.  If the deficiencies  warrant, the United States Trustee
will file an objection to the NDR or move to reopen the case so an objection can
be filed.  Errors, omissions or a clear failure to perform will result in a more
thorough review of that trustee's work  and, if deemed appropriate, action will be
taken by the United States Trustee.  In addition to this process, a verification
letter will be sent to the debtor in  sampled cases as a further substantiation that
assets were not turned over to the trustee.

C.      Review of chapter 12 and 13 cases - With regard to chapter 12 and 13 case
closings, the United States Trustee's review will be based on the supervision of
the standing trustee through reporting requirements, budget approvals and on site

visits as well as an annual audit by an independent certified public accounting (CPA) firm. If the standing chapter 12 and 13 trustee caseload or cash flow falls below the threshold amount for the hiring of an independent CPA, an annual review will be conducted by the United States Trustee's office or other office of the Department of Justice. During an audit, selected cases will be reviewed in depth for the accuracy of receipts and disbursements. Internal controls and procedures will also be scrutinized. The annual audit will be made available to the court if requested.

In order to comply with the provisions of Fed. R. Bankr. P. 5009, in the Final Report and Final Account, the chapter 12 or 13 standing trustee shall certify that the estate has been fully administered. If warranted, the United States Trustee will object to the standing trustee's Final Report and Final Account

If the caseload is not sufficient for the appointment of a standing chapter 12 or 13 trustee, chapter 12 and 13 cases will be processed on a case by case basis in the manner established for chapter 7 asset cases.

V.    Court and Clerk - The court and clerk shall undertake the following efforts.

    A.    Chapter 7 Asset Cases

        1.    After review by the United States Trustee, all Final Reports and Final Accounts, Certifications that the Estate has been Fully Administered, and Applications for Discharge shall be filed with the clerk. The clerk shall have the responsibility to keep a docket in each case and ensure that all docket entries are accurate and complete. The clerk's office will bring to the attention of the United States Trustee any discrepancies or deficiencies discovered in the course of its processing so that such can be resolved. Staff of the clerk's office, however, should not be used to perform or duplicate the United States Trustee's Responsibilities.

        2.    Upon filing of the Final Report and Application for Compensation and Expenses, a notice in a form similar to that set forth on Attachment A or Attachment B, shall be given to creditors pursuant to Fed. R. Bankr. P. 2002(f)(8), and 2002 (a)(7). The notice shall be sent by the case trustee or such other person as the court directs as provided under Fed. R. Bankr. P. 2002(a), or the clerk. The notice is to state that the Final Report has been filed, the amount of money in the estate, the amount of compensation and expenses requested by the trustee and the professionals for the trustee (or the amount previously approved by the court), the names and the amount of the approved claim for each entity in a class that will be part of the distribution, the estimated amount of the dividend or the pro rata percent, the date of any hearing or the procedure for filing an objection to the fees or the proposed distribution. If the clerk provides the notice, the case trustee shall provide its content in the format set forth on Attachment A or Attachment B.

3.  The clerk shall submit to the court applications for compensation and reimbursement of expenses.

4.  Upon filing of a Final Account, Certification that the Estate has been Fully Administered and Application for Discharge of trustee, and if within 30 days of that filing no objection has been filed by the United States Trustee or by a party in interest, the court shall enter an Order closing the case pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 5009.

B.  Chapter 7 No Asset Cases

1.  Upon filing of the NDR in a no asset case, and the expiration of the time limits for filing objections to the case trustee's report pursuant to Fed. R. Bankr. P. 5009, and for filing objections to the debtor's discharge pursuant to Fed. R. Bankr. P. 4004(a), the clerk shall authorize payment to the trustee of the fee established by 11 U.S.C. § 330(b).

2.  After the above events occur the court, pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 5009, shall enter an order to discharge the trustee and close the case after the expiration of the 30 day period set forth in Fed. R. Bankr. P. 5009.

C.  Chapter 12 and 13 Cases

1.  After the standing trustee has filed the Final Report and Final Account and Certification that an Estate has been Fully Administered, the court shall close the case, pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 5009.

2.  When chapter 12 and 13 estates are individually administered, cases shall be processed and closed in the manner provided for chapter 7 asset cases.

VI.  Post Confirmation Chapter 11 Cases

A.  Background

1.  The AO and EOUST agree that the issue of ensuring that a confirmed plan is implemented to the degree necessary to allow the court to close the case continues to be a challenge to efficient and effective case administration. The following delineates the parameters of responsibility:

a.  Court and Clerk - As part of the confirmation of a plan, courts have generally provided that, by a specified date, the debtor shall certify to the court that disbursements pursuant to the plan have been undertaken, and that the plan has been substantially consummated, so that an Application for Final Decree can be filed pursuant to Fed. R. Bankr. P. 3022. The clerk will periodically

provide the United States Trustee with a list of those cases where an Application for Final Decree has not been timely filed.

b.      United States Trustee - Because of the United States Trustee's responsibility to monitor the case, and the debtor in possession or trustee, the United States Trustee shall review any application for a Final Decree, and the report(s) required by the order of confirmation. It is within the discretion of the United States Trustee to object to an Application for Final Decree or to the contents of any reports required by the order of confirmation. If no objection has been filed within 30 days of the filing of the application or report(s), it is presumed that the estate has been fully and properly administered. Where no timely Application for Final Decree has been filed, the United States Trustee shall undertake efforts as the United States Trustee deems appropriate to secure the filing of an Application for Final Decree, or seek an order from the court.

_____/S/_____     _____/S/_____

Administrative Office of          Executive Office for
  the United States Courts         United States Trustees,
                              Department of Justice

*April 1, 1999*               *February 10, 1999*

**Attachment A to the Memorandum of Understanding**
[Note: This attachment to the April 1,1999, MOU has been updated for accuracy
& re-formatted for ease of use (2/8/00).]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE _____ DISTRICT OF _____
_____ DIVISION

IN RE:

CASE NO. ____

_____/

**NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that _____, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications.

| | |
|---|---|
| *The Final Report shows receipts of* | $_____ |
| *and approved disbursements of* | $_____ |
| *leaving a balance of* | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee* | $_____ | $_____ |
| *Attorney for trustee* | $_____ | $_____ |
| *Appraiser* | $_____ | $_____ |
| *Auctioneer* | $_____ | $_____ |
| *Accountant* | $_____ | $_____ |
| *Special Attorney for trustee* | $_____ | $_____ |
| *Charges, U.S. Bankruptcy Court* | $_____ | $_____ |
| *United States Trustee* | $_____ | $_____ |
| *Other* | $_____ | $_____ |
| *Other* | $_____ | $_____ |

Applications for chapter 11 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* | $_____ | $_____ |

| | | |
|---|---|---|
| *Attorney for* | $_____ | $_____ |
| *Accountant for* | $_____ | $_____ |
| *Appraiser for* | $_____ | $_____ |
| *Other* | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid *pro rata* in advance of any dividend to general (unsecured) creditors.  The priority dividend is anticipated to be ____ percent.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full.  The general (unsecured) dividend is anticipated to be ____ percent.

Allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

The trustee's Final Report and all applications for compensation are available for inspection at the Office of the Clerk, U.S. Bankruptcy Court:

_____
_____

Any person wishing to object to any fee application, or the Final Report, must file a written objection within 20 days of the date of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged, and the United States Trustee.   A hearing on the fee applications and any objection to the Final Report will be held at __:__ _.m. on _____ __, ____, in Courtroom ____, United States Courthouse:

_____

_____

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to Fed. R. Bankr. P. 3009 without further order of the Court.

Dated: this _____ day of _____, _____.

By:    _____

Clerk of Court
*[Address]*

*Trustee's name*
*address*

## Attachment B to the Memorandum of Understanding
[Note: This attachment to the April 1,1999, MOU has been updated for accuracy
& re-formatted for ease of use (2/8/00).]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE _____ DISTRICT OF _____
_____ DIVISION

IN RE:

CASE NO. ____

_____/

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that _____,
trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals
have filed final fee applications.

| | |
|---|---|
| *The Final Report shows receipts of* | $_____ |
| *and approved disbursements of* | $_____ |
| *leaving a balance of* | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Applicant or Reason* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee* | $_____ | $_____ |
| *Attorney for trustee* | $_____ | $_____ |
| *Appraiser* | $_____ | $_____ |
| *Auctioneer* | $_____ | $_____ |
| *Accountant* | $_____ | $_____ |
| *Special attorney for trustee* | $_____ | $_____ |
| *Charges, U.S. Bankruptcy Court* | $_____ | $_____ |
| *United States Trustee* | $_____ | $_____ |
| *Other* | $_____ | $_____ |
| *Other* | $_____ | $_____ |

Applications for chapter 11 fees and administrative expenses have been filed as follows:

| *Applicant or Reason* | *Fees* | *Expenses* |
|---|---|---|

| | | |
|---|---|---|
| *Attorney for debtor* | $_____ | $_____ |
| *Attorney for* | $_____ | $_____ |
| *Accountant for* | $_____ | $_____ |
| *Appraiser for* | $_____ | $_____ |
| *Other* | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid *pro rata* in advance of any dividend to general unsecured creditors.  The priority dividend is anticipated to be ____ percent.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

Claims of general unsecured creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full.  The general unsecured dividend is anticipated to be ____ percent.

Allowed general unsecured claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

The trustee's Final Report and all applications for compensation are available for inspection at the Office of the Clerk, U.S. Bankruptcy Court:

_____

_____

Any person wishing to object to any fee application, or the Final Report, must file a written objection within 20 days of the date of this notice, together with a request for a hearing, and serve a copy of both upon the trustee, any party whose application is being challenged, and the United States Trustee.  If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to Fed. R. Bankr. P. 3009 without further order of the Court.

Dated:  this _____ day of _____, _____.

By: _____

Clerk of Court
*[Address]*

*Trustee's name*
*address*